ARMSTEAD M. SIMS *et al.*

*v.*

ABEL P. BICE.

1. FRAUD AND CIRCUMVENTION. Where a party is induced to sign a promissory note under the representation and belief that the same is an agreement appointing him agent for the sale of machines, and a statement of his ownership of property, and he can not read writing readily, as between the parties it will be void, as having been executed through fraud and circumvention.

2. SAME—*diligence and care required to defeat a recovery in the hands of an innocent assignee before due.* Where a person executes a note he must be diligent and use all reasonable means to prevent a fraud being practiced upon him, or he will be liable to an innocent purchaser before maturity. He is not required to use every possible precaution, but only such as would be expected from men of ordinary prudence.

3. SAME—*reasonable care must be observed by assignee of such note.* The assignee, equally with the maker of a note, is bound to use proper diligence, and when agents for the sale of patent rights and such matters, who are strangers, offer to sell promissory notes taken by them, a prudent man would have his suspicions aroused, and in such case the purchaser ought to protect himself by inquiring of the apparent maker.

4. When the defendant was procured to sign what turned out to be a promissory note, under the assurance that he was signing an agreement respecting his agency to sell machinery, and of his pecuniary ability, he not being able to read writing readily, and the proof showed that he did not sign the same recklessly, but commenced to read the papers he signed, and was prevented by the restiveness of his team in the field where he was plowing : *Held,* that a verdict finding that the execution of the note was procured through fraud and circumvention, in a suit by an assignee before maturity, was not against the preponderance of the evidence.

APPEAL from the Circuit Court of Sangamon county; the Hon. JOHN A. MCCLERNAND, Judge, presiding.

The note sued on in this case was procured of the defendant while he was plowing in his field with a pair of young mules. The agent pretended to give him the appointment of local agent to sell machines for the Kalamazoo Manufacturing Corporation. The other facts appear in the opinion.

Messrs. CULLOM & ZANE, for the appellants.

Messrs. STUART, EDWARDS & BROWN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action brought before a justice of the peace of Sangamon county, by appellants, on a promissory note, against appellee. A trial was had before the justice of the peace, who rendered judgment in favor of defendant, and plaintiffs appealed to the circuit court. A trial was had therein by the court, and a jury, resulting in a verdict in favor of the defendant, and after overruling a motion for a new trial, judgment was rendered on the verdict, and the record is brought to this court and errors are assigned.

The defense below was, that the note was obtained by fraud and circumvention, and the only question argued is whether the evidence sustains the verdict. On the one side is the note and on the other is the evidence of appellee. He swears that he only intended to sign the agreement appointing him agent for the sale of the machine, and a statement of his ownership of his farm, and that he believed he had only signed them ; that after signing the agreement in duplicate the agent asked him as to his post office address, how far he lived from Springfield, and as to how much land he owned ; the answers to which he wrote on a paper double the size of the note, and asked him to sign the paper, that the company could see that he was responsible ; that he signed that paper, supposing it was what it was represented. He stated he could read printed matter and writing with difficulty, and on the trial the bill of exceptions states that he read the note to the jury without difficulty. It, we think, clearly appears from the evidence that the note was executed under the belief that it was wholly a different instrument, and he was not incurring any liability by signing it, and, as between the parties, the case falls clearly within the provisions of the statute.

But it is urged that, as appellants are innocent holders before maturity, they should be protected, unless appellee observed a high degree of caution in executing the note; and that he failed to so act, and should be held liable for the payment of the money. This court has repeatedly held that when a person so executes a note, he must be diligent and use all reasonable means to prevent a fraud, or he will be liable to innocent purchasers before maturity. Of course he is not required to use every possible precaution, but must exercise that caution which would be expected from men of ordinary prudence.

It was said in *Taylor* v. *Atchison*, 54 Ill. 196, that the mere fact that a party can read will not prevent him from alleging, even against an assignee before maturity, that the note was executed by fraud and circumvention, but that he should use reasonable and ordinary precautions to avoid imposition; if able to read readily he should examine the instrument, if not he should have it read to him by some person present; that he could not act recklessly, disregarding all the usual precautions to learn the contents of the instrument; that the assignee, equally with the maker, is bound to use proper diligence; that when agents for the sale of patent rights and such matters, who are strangers, offer to sell promissory notes, a prudent man would have his suspicions aroused from that fact, and should protect himself by inquiry of the apparent maker. That case, in many of its features, is very similar to this, and a judgment against the plaintiff was sustained. See *Murray* v. *Beckwith*, 48 Ill. 391.

In this case the evidence tended to show that appellee did not act recklessly, but, on the contrary, he commenced reading the papers, and his team becoming restive, he was compelled to desist to keep them from running, and was thus prevented from reading further. Again, appellants were dealing with a stranger, and if they knew he was an agent selling such machinery, it was enough to arouse their suspicions. Both parties must exercise prudence, and either,

failing to do so, will render him liable. Whilst we might, had we been acting as jurors, have arrived at a different result, still the evidence tended strongly to sustain the verdict. The preponderance, we think, shows that appellee acted as prudent men usually do, and we can not say that the evidence fails to sustain the verdict.

The judgment of the court below is affirmed.

*Judgment affirmed.*