## WILLIAM G. SWANNELL *et al.*

*v.*

## WILLIAM WATSON.

FRAUD AND CIRCUMVENTION—*not available as a defense against suit by the assignee of a note, when defendant has been negligent.* Where the fraud and circumvention in procuring the execution of a note, relied on as a defense, in a suit by an innocent assignee, was, that the maker was unable to read, and that the payee, who was a stranger, read it to him as another kind of instrument, and that he relied upon such reading, and on the strength of it signed the note, and it appeared that, at the time, there were several of his neighbors and acquaintances present, and he did not ask them to read the note for him, it was *held,* that there was not sufficient diligence and precaution shown to prevent a recovery.

APPEAL from the Circuit Court of Vermilion county; the Hon. JAMES STEELE, Judge, presiding.

Mr. JAMES N. ORR, for the appellants.

Mr. J. B. MANN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellants against appellee, upon two promissory notes, bearing date July 11, 1871, due in nine months, given by appellee to Geo. W. Kenworthy, and by him indorsed to J. F. Powers, and by him to appellants.

The general issue and special pleas of failure of consideration, and that the notes were obtained by fraud and circumvention, were filed, upon which issue was taken. A trial was had before a jury, and verdict for appellee, upon which judgment was rendered.

It is first urged, that the court improperly admitted in evidence a blank, left by Kenworthy with appellee, to be used in ordering machines. This evidence could do the plaintiff no possible injury, and might be regarded as a circumstance

in corroboration of appellee's testimony. In this view it was not error to admit it in evidence.

Neither did the court err in refusing appellants' fifth instruction, as its substance was embraced in the third and fourth, given at their request, and it was not error for the court to refuse duplicate instructions.

The second instruction, given for appellee, to which exception was taken, is as follows:

"The court further instructs the jury, that if they believe, from the evidence, that, at the time said notes were signed by Watson, he was uneducated, and unable to read the same, and that he told the person who procured the same to be signed, that he was unable to read the said notes, and requested him to read the same, and that the person aforesaid read said notes as being instruments securing said Kenworthy against loss by reason of furnishing machines to said defendant, and certifying that said defendant was the owner of the land in said notes described, and by thus wrongfully reading said notes said person procured the execution of the same, then the act of so doing was fraud and circumvention, and plaintiffs are not entitled to a recovery upon said notes."

It appears, from the evidence of appellee, that two of his neighbors were present, a part of the time, when he was contracting with Kenworthy, and at the very time he executed the notes they were on his premises, near by. He could have easily called upon them to read the papers for him, before he executed them. This he failed to do, but placed implicit confidence in Kenworthy, a man he had never seen before, and knew nothing of him, and allowed himself to be imposed upon by the false reading of this utter stranger.

This can not be regarded as the use of diligence and proper precaution on the part of appellee. Due care required that he should have called upon those who were near by, and in whom he could rely, to read the papers for him. Had he done this, the notes would not have been executed and placed

in circulation. Through his own neglect these notes have been purchased by the plaintiffs, innocent purchasers, in the usual course of trade, and it would be manifestly unjust that they should bear the loss, when appellee, by the exercise of reasonable precaution, could have known whether the papers he executed were promissory notes or some other papers.

The instruction given entirely ignores any care and diligence on the part of appellee, and for that reason is erroneous. *Leach* v. *Nichols*, 55 Ill. 273.

There was evidence before the jury that tended to prove appellee could, by the use of reasonable diligence, have had the notes properly read to him, and known their contents, before he executed them. This testimony was, in effect, excluded from the consideration of the jury by the instruction.

For the error indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*