THE FIRST NATIONAL BANK OF STURGIS v. MANASSAS DEAL.

*Promissory note—Fraudulent procurement of signature.*

A bona fide purchaser, even, cannot recover on a note the signature to which was obtained by fraud and deceit without the fault of the person purporting to be maker.

Error to St. Joseph. (Pealer, J.) Jan. 7.—Jan. 14.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*T. C. Carpenter* for appellant. As between the innocent purchaser of commercial paper and one who is tricked into making it the first ought not to suffer: *Chapman v. Rose* 56 N. Y. 137.

*Thomas & Stanton* for appellee.

CAMPBELL, J. Plaintiff sued. defendant as maker of a promissory note for $130, claimed to have been made by defendant to the order of one George D. Johnson, and endorsed with that name, and purchased by plaintiff from a person supposed to be the payee.

The defense was a denial that defendant ever executed and delivered any such instrument. The facts as shown by defendant to the satisfaction of the jury were that at the date of the pretended note a man calling himself George D. Johnson came to defendant's farm and proposed to insure his new barn on favorable terms, including insurance against damage from cyclones, which had recently visited that neighborhood. After considerable talk they agreed that defendant should pay $12.50 for a policy of $1000 for a

term of years, and he gave his note at ninety days for this amount. Johnson prepared what he said was an application to be sent to the company and signed by defendant. Defendant undertook to read it, but from poor sight was unable to do so, and his daughter was also unable. Johnson thereupon read the paper to defendant. It was of foolscap size and as read was such an application, and contained no language in any way resembling a promissory note or undertaking to pay money.

The note bears date August 13, 1883, and as presented on trial is in the usual form and size of a promissory note in common use, with subjoined waiver of protest and exemptions and agreement for interest after maturity and payment of attorney fees. This note was purchased by plaintiff, September 7, 1883, of a person who called himself George D. Johnson. There is no testimony which identifies him with the person with whom defendant dealt, either by personal description, or in any other legal way, with any accuracy. He was not identified to the bank officers except by his own statements, and he was not produced on the trial.

If defendant's story is true, and the jury believed it, the note was either an entire forgery, or procured by the substitution of one paper for another, either by actual change, or by misreading.

The charge of the court having been very strong in favor of plaintiff upon all issues of negligence and having treated plaintiff as a bona fide purchaser, it is admitted by counsel that the judgment cannot be disturbed unless, as against a bona fide purchaser, the law itself requires a more careful scrutiny than was made here, and imposed upon defendant an absolute duty to inform himself correctly of the contents of the paper which he signed. It is conceded that the case comes within our former decisions, unless it can be distinguished on this ground.

We do not think this case differs at all in principle from *Gibbs v. Linabury* 22 Mich. 479 and *Anderson v. Walter* 34 Mich. 113. The defense if made out is that the note is not defendant's note at all, and was never executed by him. Sign-

ing a paper which a person has no reason to suppose is a note, and where he is in no fault for his ignorance, is no execution. The document thus palmed off on him is a forgery and not a genuine instrument. As intimated in those cases, nothing but real negligence or fault can make a person liable for a wrong use of his signature. It is a matter of every-day practice for persons to trust to the reading by others of documents which they sign, and this practice is necessary for the convenient transaction of business. It would do more harm than good to compel all persons who sign papers to trust to their own reading, which in many cases would be impracticable. While the negotiability of commercial paper should not be unduly hampered, it is not desirable to encourage dealing with entire strangers and irresponsible persons on the faith that every genuine signature is binding on its maker in spite of fraud and forgery. It cannot be said that the equities of purchasers are any greater than those of innocent persons who have done nothing negligently or unfairly to mislead them. We see no reason to change the views on which this Court has hitherto acted, and we cannot see any new feature in this case. We shall not therefore discuss the questions presented at large or consider, what is certainly a very serious question here, how far the relation of bona fide purchaser existed.

No other point in the case appears to us material.

The judgment must be affirmed.

The other Justices concurred.