## Commercial State Bank, Assignee, v. Richard Judy.

FRAUD IN PROCUREMENT—*what essential to, as defense to promissory note.* Fraud in the procurement of the execution of a promissory note is not a good defense as against an innocent holder for value in the absence of a showing of reasonable care and diligence upon the part of the maker to avoid the perpetration of a fraud.

Assumpsit. Error to the Circuit Court of Lawrence County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the August term, 1906. Reversed and remanded. Opinion filed March 15, 1907.

W. F. FOSTER, for plaintiff in error.

GEE & BARNES, for defendant in error.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in assumpsit, in the Circuit Court of Lawrence county, by plaintiff in error against defendant in error, to recover upon a promissory note for the sum of $50, payable twelve months after date, to the order of H. Janss, executed by defendant in error.

The declaration was in the usual form of declaration by an indorsee against the maker of a negotiable promissory note.

To the declaration defendant in error pleaded as follows: "* * * The defendant says *actios non,* because he says that in the procuring of the instrument sued on, as all the counts are for one and the same promise, the alleged promissory note shown and the signature of the defendant, fraud and circumvention were used, in that it was shown to the defendant and represented to be a contract for the treatment by medicine of the defendant for a certain ailment of which he was at the time afflicted, and made between the defendant and the Magee system of medicine, in which it was represented that it was a contract for medical treatment, and no payment to be made unless a cure was effected, that it was so read and explained by the payee therein named, and the defendant relying upon said statement and reading of the instrument was defrauded into signing the instrument, which he did sign, and that he did not receive any knowledge that he was signing a promissory note as sued upon, and made no agreement to sign such note. And relying upon the false representations as to the kind of an instrument he was signing, as represented to him by the said payee, and believing his statement to be true, he was induced to place his signature to the said note and was fraudulently so induced and overreached in the execution of the same."

Plaintiff in error demurred to this plea. The court over-

Commercial Bank v. Judy.

ruled the demurrer. Plaintiff elected to stand by the demurrer, and the court rendered judgment in favor of the defendant and against the plaintiff for costs.

In overruling the demurrer and in rendering judgment thereon against plaintiff in error, the Circuit Court erred. Plaintiff in error, upon the state of pleadings disclosed, stood presumed to be an innocent indorsee before maturity, for value. In such case, to make a plea of "fraud and circumvention" good, the plea must disclose reasonable diligence or due care on the part of the maker of the note, and the plea here does not meet this requirement of the law.

While fraud and circumvention in obtaining the execution of a promissory note is a good defense under our statute even against an innocent purchaser, where there has been no culpable negligence or want of reasonable care and diligence on the part of the maker of the note with respect to the execution of the same, yet, "it is absolutely essential that the maker of the note, to invoke this immunity, must exercise prudent diligence, and in no way negligently contribute to the imposition. Negligence on the part of the maker  *  *  *  will defeat any right that he may claim or attempt to set up in the defense of such note in the hands of a *bona fide* purchaser, even though he may establish a claim of actual fraud practiced upon him in the procurement of the instrument. Hence one in possession of his faculties, who has the opportunity for examination and relies upon the representations of the persons with whom he is dealing, cannot claim exemption for his act if the instrument which he signed should prove other than he had been led to believe," where the interests of a *bona fide* purchaser are involved. 8 Cyc., 41.

"In cases where fraud and circumvention in procuring a promissory note is pleaded by the maker in a suit by an innocent purchaser, without notice, and for a valuable consideration, before maturity, the law requires such maker to show that he used ordinary care to protect himself against imposition, and, failing to do so, he will be held liable." Muhlke v. Hegerness, 56 Ill. App., 322. "The exercise

of due diligence and attention on the part of a signer of a negotiable paper, is a necessary element in his defense that the execution of the instrument was obtained by fraud and circumvention, when such defense is set up against an innocent assignee before maturity." Leach v. Nichols *et al.*, 55 Ill., 273. The maker of a negotiable instrument is not in the exercise of due care and diligence which the law requires in this class of cases, who in the execution of such instrument relies solely upon the reading, explanation, or statements of the party procuring its execution, unless reasonable excuse be shown therefor. Leach v. Nichols, *supra;* Muhlke v. Hegerness, *supra;* Swannell *et al.* v. Watson, 71 Ill., 456; Taylor v. Atchison, 54 Ill., 196; Sims *et al.* v. Bice, 67 Ill., 88.

The plea in the case at bar discloses no more than that the payee falsely explained the contents of the instrument and that appellee, without any reasonable excuse for doing so, relied upon such reading and explanation and signed the note sued upon. No care or diligence on the part of appellee is averred or in any manner disclosed. A plea when challenged by demurrer must be construed most strongly against the pleader; no mere inferences or intendments can be indulged in its favor.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*