SHORES-MUELLER Co., Appellant, v. C. T. LONNING, Defendant, NELS A. THOMPSON and KNUD LARSON, Appellees.

Guaranty: DEFENSE OF FRAUD: BURDEN OF PROOF.  Where a guarantor of the performance of a contract admitted its execution and its breach, the burden was on him to prove that his signature to the guaranty was obtained by the fraudulent representation that the paper he signed was not a guaranty, but a mere statement concerning the reputation and character of the obligor.

Same: EXECUTION OF INSTRUMENTS: NEGLIGENCE: FRAUD.  Where a party is able to read and has the opportunity to do so but omits the reading because of statements by the other party as to the contents of the instrument, his negligence will estop him from claiming that the instrument is not binding.  But where the instrument was incorrectly read to him with a fraudulent intent, or another was fraudulently substituted in its place, or without reading its

terms was fraudulently misrepresented, the defrauded party, being unable to read and otherwise without laches, is not bound thereby.

**Same:** EVIDENCE. Although a party may be unable to read an instrument, his negligence in signing without having it read, or in failing to take some other precaution to ascertain its contents, or whether he exercised ordinary care and prudence in signing the same, are questions for the jury. Under the evidence in this case the question of defendant's negligence in executing a guaranty contract was properly submitted.

*Appeal from Webster District Court.*—HON. CHAS. E. ALBROOK, Judge.

WEDNESDAY, MARCH 12, 1913.

THIS is an action upon a contract, purporting to have been executed by the appellee defendants, in which they guaranteed the performance of a contract made between plaintiff and defendant Lonning, by which he (Lonning) purchased from and agreed to sell for the plaintiffs certain medicines, extracts, spices, stock foods, etc. Lonning, although made a party to the action, was not served with notice, and the case went to trial on issues joined between plaintiff and the guarantors, resulting in a verdict and judgment for the guarantor defendants, and plaintiff appeals. —*Affirmed.*

*Hagemann & Farwell* and *Chantland & Hemingway,* for appellant.

*Healy & Healy* and *B. B. Burnquist,* for appellees.

DEEMER, J.—The making of the contract between plaintiff and defendant Lonning for the purchase and sale of certain medicines, extracts, spices, stock foods, and other articles is admitted, and it is also admitted that defendant's signatures to what purports to be an absolute and unqualified guar-

anty of the faithful performance of the contract by Lonning are genuine; but they pleaded in substance, that their signatures were obtained by fraud and misrepresentation of the plaintiff's agent; that neither of them could read or write the English language; and that it was represented to them, by plaintiff's agent, and by Lonning, who was also present, that the paper was not intended as security or a guaranty, but simply a statement as to the reputation or character of Lonning, and was for no other purpose; that, relying upon these statements and being unable to read the same, they signed, not knowing that it contained anything other than was stated to them by plaintiff's agent. It appeared upon the trial that Lonning was indebted to plaintiff in something more that $1,000; that defendants had signed an agreement whereby they undertook to guarantee the payment of whatever amount Lonning should owe the plaintiffs. The contracts were entered into on the 2d day of October of the year 1908, and Lonning got his supplies and materials during that and the subsequent years, but quit work early in January of the year 1910, and his whereabouts have subsequently been unknown.

Under the issues and the facts above recited, the burden was clearly upon the defendants to prove the alleged fraud and misrepresentations pleaded by them. This they attempted to do, and upon the issues joined and the testimony adduced the trial court gave the following, among other instructions:

1. GUARANTY: defense of fraud: burden of proof.

The burden is upon the defendants, and each of them, to establish by a preponderance of the evidence the defense set up by them. You will observe that this defense rests upon an alleged fraud perpetrated upon them, and each of them, in the procurement of their signatures to the guaranty sued upon. In this connection you are told that it is the law that one who signs a contract is bound to exercise reasonable care and prudence to inform himself as to its contents; and, to defeat a recovery on a written contract of guaranty on the ground that fraud was used in obtaining his signature thereto,

it is not sufficient to show that he neglected to read it, and the agent of the other party misrepresented its contents. To make out such a defense, it must ordinarily appear that the party signing was prevented from reading it, or induced not to read it by reason of some artifice or misrepresentation made use of for the purpose, and that such artifice or misrepresentation was of such character as would have misled and induced a person of ordinary prudence, placed under like circumstances, to withhold reading the contract of guaranty, and to rely on the representations made, and that he was deceived and misled by such artifice and misrepresentation. So, in this case, if the defendants present, and making defense before you, or either of them, could not read the English language, and was by any misrepresentation as to the contents of the contract and guaranty misled as to the true nature of their guaranty and of the contract itself, and such misrepresentations were of such character as would have misled and induced a person of ordinary prudence and intelligence placed under like circumstances to sign the same without having such agreement read, and to rely upon the representations so made, and that he was deceived and misled thereby, and that the making of such misrepresentations was taken part in, or made in part by or in the presence and hearing of the then present representative of the plaintiff company and that the said representative did hear the same, then and in such case, if you find these things have been proven and established by a preponderance of the evidence, by either or both of these defendants, the plaintiff cannot be allowed to recover as against the defendant so establishing these facts. But if you do not find that the defendants, or either one of them, has proven the above and foregoing facts and established the same by a preponderance of the evidence, your verdict must be against the defendant so failing, if either has so failed, to so prove such facts, for the full amount you find due on the account of the plaintiff from the defendant Lonning. You will understand that you are at liberty, and it is your duty, to find against either one or both of the defendants on this defense of theirs, or in favor of both, as the evidence before you when weighed in the light of these instructions justifies you in doing under your oaths as jurors. You will observe that it is the law of this state that the defend-

ants have the burden of establishing by a preponderance of the evidence the fact that they in signing the warranty in question in this case without first having some one read the same to them before signing acted as fair-minded, ordinarily prudent persons, of ordinary intelligence, would have acted under all the then surrounding circumstances in relying on the statements made to them at the time of such signing. If they, or either of them, have failed in this, you must find against the one or both of said defendants so failing in his proof.

The jury returned into court the following verdict:

We, the jury, find for the defendants Thompson and Larson, not binding under contract by cause of misrepresentation. J. A. Haleen, Foreman.

Upon this judgment for the defendants was rendered, and this appeal followed.

While many assignments of error are made, they practically revolve around but a single proposition, to wit, that no sufficient pleading or proof of fraud or misrepresentation was shown; and that in any event defendants were so negligent in signing the guaranty that they cannot escape liability thereunder. The instructions which we have quoted, while challenged in a general way, are not assailed abstractly, and the chief complaint of them is that there was not sufficient testimony to justify the charge, and that under the undisputed testimony there should have been a verdict for the plaintiff. Analyzing this yet further, it is discovered that plaintiff does not deny that there was enough testimony to show that plaintiff's agent misrepresented the character of the paper to the defendants; but it is strongly argued that, as the defendants did not ask for a reading of the document or did not take any precautions to learn of the nature thereof, they were so negligent in signing it that they cannot be heard to dispute the validity of the same as it now appears; and this, it seems, is the sole and only question presented by the appeal.

As a general rule, one should never sign an instrument without reading it, and, if he cannot read, he should have

it read to him, and in the absence of fraud or misrepresenta-

2. SAME: execution of instruments: negligence: fraud.

tion, if he does not read or have it read, the law will presume that he did his duty, or, in other words, will not permit him to say that he did not read, and that it contains something different from what he supposed it did. But if the instrument is fraudulently read to him in terms different from the real ones, or if by trick or fraud another is substituted in its place, or, if not being read, its terms are fraudulently misrepresented, and he cannot read himself, or is otherwise without laches on his part, he is not bound, although he signs. These propositions are well sustained by authority. See *Smyth v. Munroe,* 84 N. Y. 354; *Foye v. Patch,* 132 Mass. 105; *McCormack v. Molburg,* 43 Iowa, 561; *Trambly v. Ricard,* 130 Mass. 259; *Sims v. Bice,* 67 Ill. 88; *Green v. Wilkie,* 98 Iowa, 74; *Dashiel v. Harshman,* 113 Iowa, 283.

As a rule, if a party is able to read and has a chance to do so, but omits this precaution because of his adversaries' statements, as to the contents of the instrument, his negligence will estop him from claiming that the instrument is not binding. *Bannister v. McIntire,* 112 Iowa, 600; *Reid Co. v. Bradley,* 105 Iowa, 220; *Wallace v. Railroad Co.* 67 Iowa, 547; *Gulliher v. Railway Co.* 59 Iowa, 416. We do not overlook the fact that many cases hold a contrary rule upon the theory that it is no defense for one guilty of a fraud to say that the other party was negligent in believing him, as appears in *Freedley v. French,* 154 Mass. 339, (28 N. E. 272); *First Bank v. Deal,* 55 Mich. 592, (22 N. W. 53), and other like cases. But we have so long adhered to the doctrine just stated that we are not justified in departing from it now.

Even, where the party cannot read, it becomes a question for the jury to determine whether or not he was negligent in signing without asking to have it read or taking some other

3. SAME: evidence.

precaution to ascertain its contents. Being a jury question, that body has the right to consider all the attendant circumstances, and to say finally

whether or not the defendants exercised that degree of prudence which the law requires of them, to wit, ordinary care and prudence under all the circumstances. *Wickham v. Evans,* 133 Iowa, 552; *Palo Alto Stock Farm v. Brooker,* 131 Iowa, 229; *Creamery Sup. Co. v. Hill,* 135 Iowa, 604; *Chicago Co. v. Caldwell,* 94 Iowa, 584; *Sawin v. Association,* 95 Iowa, 477. The court so instructed the jury in the paragraphs of the charge quoted, and there was sufficient testimony to justify the instructions and to take the case to the jury.

The jury was justified in finding that neither of defendants could read or write the English language; that it was represented to them that the paper they were asked to sign was simply as to the reputation or character of Lonning; that one expressly said that, if it was a security, he would not sign; that no one was present who could read, save plaintiffs' agent and Lonning; and that each stated, or one in the presence of the other, that it was simply to certify as to the character or reputation of Lonning, and there was further testimony as to a direct misrepresentation as to a third party's promise to sign the agreement, which was made a condition to one of defendant's signing the same. Upon such testimony, the question of defendant's negligence was properly submitted to the jury, and the verdict on such issue has such support that we should not interfere with it.

No prejudicial error appears, and the judgment must be, and it is *Affirmed.*