ROBERTSON *v.* BUDZIER.

1. BILLS AND NOTES—FORGERY OF SIGNATURE AVOIDS NOTE EVEN IN HANDS OF INNOCENT PURCHASER.

If the maker's signature to a promissory note is forged or obtained by trickery in effect a forgery, the note is void, even in the hands of an innocent purchaser.[1]

2. SAME—FORGERY—INCONSISTENT TESTIMONY IS FOR JURY.

In an action on a promissory note, defendant's claim that his signature was either a forgery or obtained by a trick, *held,* properly submitted to the jury, although defendant's testimony and claim were inconsistent; it being for the jury to find the fact under all the evidence.[2]

3. SAME—TRANSFER OF NOTE "WITHOUT RECOURSE" NO EVIDENCE OF FORGERY WHERE PAYEE HAS NO NOTICE OF SUCH CLAIM.

Where the note sued on was indorsed by the payees to plaintiffs "without recourse," the trial judge was in error in allowing the jury to consider said fact in determining whether it had been forged, as claimed by defendant, in the absence of evidence that the payees had notice of said claim at the time of its transfer.[3]

4. SAME—OF TWO INNOCENT PERSONS ONE MAKING FRAUD POSSIBLE MUST SUFFER.

Where one of two innocent persons must suffer by the act of a third, the loss must be borne by the one enabling such third person to occasion it.[4]

5. SAME—NEGLIGENCE OF ONE SIGNING NOTE WITHOUT READING FOR JURY.

Where defendant, although able to read, did not read the paper presented to him by a stranger for his signature before signing it, and it proved to be a promissory note which was later purchased for value, by plaintiffs, without notice of claim of fraud, the question of defendant's negligence, under the circumstances, was for the jury.[5]

[1]Bills and Notes, 8 C. J. § 1028; [2]Id., 8 C. J. § 1380; [3]Id., 8 C. J. § 724; [4]Estoppel, 21 C. J. § 176; [5]Bills and Notes, 8 C. J. § 1382.

Forgery by obtaining signature to instrument by trick or fraud, see note in 1 L. R. A. (N. S.) 1075.

Error to Saginaw; Snow (Ernest A.), J.   Submitted October 28, 1924.   (Docket No. 164.)   Decided January 28, 1925.

Assumpsit in justice's court by Alexander Robertson and Frederick Pitt, copartners as the Bank of Orleans, against Henry Budzier on a promissory note.   There was judgment for defendant, and plaintiffs appealed to the circuit court.   Judgment for defendant.   Plaintiffs bring error.   Reversed.

*Stanley F. Quinn* (*Glenn D. Matthews*, of counsel), for appellants.

*Charles W. Cheeney*, for appellee.

CLARK, J.   Palmer Brothers, payees, for value and before maturity, transferred by indorsement, qualified by the words "without recourse," to plaintiffs, private bankers, what purported to be the negotiable promissory note of defendant, Budzier.   Sued on the note in justice's court, defendant on oath denied execution, adding also to such denial:

"And if his signature appears on any note held by Palmer Bros., or the plaintiff herein, it was procured by trickery, fraud and misrepresentations."

At the trial in the circuit court, testimony for defendant was to the effect that the note was a forgery, or, if the signature was genuine, it had been procured by a trick, substituting one paper for another.   Defendant had verdict and judgment.   Plaintiffs bring error.

1. That plaintiffs held for value and without notice is not questioned.   But, if defendant's signature had been forged, or obtained by the trick, in effect a forgery (1 Joyce on Defenses to Commercial Paper [2d Ed.], § 191; *Gibbs* v. *Linabury*, 22 Mich. 479 [7

Am. Rep. 675]), the note was void even in the hands of plaintiffs. *Beard* v. *Hill,* 131 Mich. 246.

2. With proper instructions as to the effect of a finding, the court submitted two questions to the jury: (1) Was the note a forgery, not signed by defendant? (2) Had his signature been procured by the trick as claimed? Of course, defendant's testimony and claims as to signing were inconsistent. But it was for the jury to find the fact under all the evidence. *Goonen* v. *Railroad Co.,* 218 Mich. 502. The court did not err in submitting both questions. *First Nat. Bank of Sturgis* v. *Deal,* 55 Mich. 592.

3. Error is assigned on the following from the charge:

"Mention has been made here with reference to the fact that the note was signed, 'without recourse.' The fact that the note was transferred from Palmer Brothers to the bank 'without recourse' does not, of course, prevent the bank from recovering against the original maker. The only thing the 'without recourse' did was to restrict any liability on the part of Palmer Brothers. You may take into consideration, however, the fact that this note was signed by Palmer Brothers 'without recourse' as bearing upon Palmer Brothers' knowledge or idea as to whether or not this note was obtained by trickery, or was a forgery, if it has any weight in your mind, as bearing upon that proposition. If it has no weight for the purpose of establishing whether it is a forgery or he willingly signed the note, it has no bearing on the case. The bank has the right to buy this note 'without recourse.' "

That the payees indorsed "without recourse" had no tendency to show that plaintiffs were not purchasers in good faith. *Borden* v. *Clark,* 26 Mich. 410. The court erred in permitting the jury to consider the manner of indorsement by Palmer Brothers in determining whether the note had been forged as stated. If the note had been so forged, the act was that of one Graham, agent of Palmer Brothers. It is not

shown that Palmer Brothers, or either of them, had any knowledge or notice of the misconduct claimed against Graham, or of defendant's claims at the time of indorsement and transfer. In such circumstances the qualified indorsement by Palmer Brothers was no evidence of the claimed forgery.

4. When one of two innocent persons must suffer by the act of a third, the loss must be borne by the person who enables such third person to occasion it. Under this maxim, and on this record, if defendant was guilty of negligence in signing the note, if he did sign it, he is bound. He and Graham were strangers. He had no serious infirmity. He had full means of ascertaining the true character of the papers to be signed. There is evidence that he could read, but did not, that the papers were not read to him, but that he merely signed as directed without inspection or examination of the papers.

The question of his negligence was for the jury. *Van Slyke* v. *Rooks*, 181 Mich. 88, and cases there cited; 1 Daniel on Negotiable Instruments (6th Ed.), § 850.

Judgment reversed. New trial granted, with costs to plaintiffs.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.