FELCHER *v.* DUTTON.

MORTGAGES—CANCELLATION OF INSTRUMENTS.
  Grantors in deed procured by such fraud as renders it void, *held,* entitled to cancellation of mortgage placed on property by grantees.

Appeal from Saginaw; Searl (Kelly S.), J., presiding. Submitted October 11, 1933. (Docket No. 17, Calendar No. 37,325.) Decided December 5, 1933.

Bill by George H. Felcher and Christina Felcher against George E. Dutton and others to set aside

a deed and mortgage. Cross-bill by defendant People's Building & Loan Association against plaintiffs and other defendants to quiet title. Decree for plaintiff Christina Felcher as survivor of herself and husband. Defendants Dutton and People's Building & Loan Association appeal. Affirmed.

*R. L. Crane,* for plaintiff.

*Crane & Crane,* for defendants Dutton.

*Walter J. Lamson (Raymond R. Kendrick,* of counsel), for defendant People's Building & Loan Association.

WEADOCK, J. George H. and Christina Felcher, husband and wife, owned by the entireties lots 402–408 of South Park Addition to the city of Saginaw, Michigan, according to the recorded plat of said addition, unincumbered and worth $4,500, by defendants Dutton's recital in their application to defendant People's Building & Loan Association for a loan on this property, dated March 30, 1927. George H. Felcher died and his wife succeeded to the property and continued the suit. The application also stated that George E. Dutton offered as collateral security,—"One share of stock of this association for each $100 borrowed represented by certificate 17,570, issued March 21, 1927, and first mortgage on the" property in suit. A loan of $2,200 was obtained, the mortgage being dated March 30, 1927, and recorded April 12, 1927. Dutton defaulted in payments on the certificate, and it was cancelled, the value, if any, to be applied on the Dutton mortgage. That mortgage was foreclosed by advertisement and bid in by the People's Building & Loan Association on April 17, 1928, for the sum of $2,426.09, the association being the only bidder.

The Felchers desired to exchange their property for a farm and applied to the defendant Dutton, a realtor, to make the exchange. One of his employees showed the farm near Wheeler to them, 42 acres, which was worth about $3,000, and mortgaged for $2,500, which mortgage was foreclosed for nonpayment and the People's Building & Loan Association filed a bill to clear the title to the Saginaw lots. The Duttons are irresponsible financially. The deed to them was a sham and a forgery and properly held void by the trial court. As the matter stood before the court, Christina Felcher had lost her property and got nothing in return for it.

A deed was made by the Duttons to the Culvers who were made defendants in this cause but made no defense.

The mortgage to the loan association rests on a deed which is in effect a forgery and at any rate is null and void. *Maynard* v. *Davis,* 127 Mich. 571; *Barras* v. *Barras,* 191 Mich. 473; *Stamp* v. *Steele,* 209 Mich. 205.

There can be no innocent purchaser under a forged deed as was held by this court in the case of *Horvath* v. *National Mortgage Co.,* 238 Mich. 354 (56 A. L. R. 578), where this court held:

"In view of this finding, the case before us is not one of so-called actual forgery, that is, where the signature to an instrument is simulated, but is one where a genuine signature is procured by fraud. Is the latter in law a forgery, and, if it is, does it operate to defeat the rights of subsequent *bona fide* holders? On this question there is much conflict in the authorities. In many jurisdictions it is held that the procuring of a genuine signature to a deed by fraud does not constitute forgery. Our court has taken a different view, as an examination of the fol-

lowing cases will show: *Gibbs* v. *Linabury,* 22 Mich. 479 (7 Am. Rep. 675) ; *Anderson* v. *Walter,* 34 Mich. 113; *Crawford* v. *Hoeft,* 56 Mich. 1; *McGinn* v. *Tobey,* 62 Mich. 252 (4 Am. St. Rep. 848) ; *Beard* v. *Hill,* 131 Mich. 246.

"The doctrine of these cases was first announced by this court more than 50 years ago, and has never been overruled, though it is at variance with the decisions of many other State jurisdictions."

The decree of the circuit court is affirmed, with costs.

SHARPE, J., concurred with WEADOCK, J. Mc-DONALD, C. J., and POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred in the result.