## JOHN M. WRIGHT, Respondent, v. E. S. SPENCER, Appellant.

[258 Pac. 361.]

BILLS AND NOTES—NOTE PURCHASED IN GOOD FAITH—DIRECTING VERDICT FOR PLAINTIFF JUSTIFIED BY EVIDENCE—NO ABUSE OF DISCRETION IN GRANTING NEW TRIAL.

1. Mere fact that assignee of note was at one time a stockholder of corporation, whose agent or officer fraudulently procured note assigned, is not sufficient to overcome his positive testimony that he purchased note in good faith for valuable consideration, without knowledge of defense claimed by maker or suspicious circumstances in connection with its execution.

2. In action on note, evidence *held* such as to have justified direction of verdict for plaintiff, who had purchased note without knowledge of any fraud therein.

3. In action on note wherein there was judgment for defendant, trial court *held* not to have abused discretion in granting plaintiff's motion for new trial, in view of plaintiff's evidence that he purchased note without any notice of fraud or other infirmity for value before maturity.

Publisher's Note.

See Appeal and Error, 4 C. J., sec. 2816, p. 833, n. 57.

Bills and Notes, 8 C. J., sec. 1358, p. 1046, n. 9, p. 1047, n. 10, p. 1048, n. 12; sec. 1376, p. 1062, n. 63.

New Trial, 29 Cyc., p. 820, n. 35, p. 1009, n. 54.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County. Hon. Henry F. Ensign, Judge.

Action on promissory note. Judgment for defendant. Defendant appeals from order granting a new trial. *Affirmed.*

Paul S. Haddock and E. D. Reynolds, for Appellant.

In an action upon a negotiable promissory note wherein the defendant pleads and proves that the note was procured by fraud, it is then incumbent upon the plaintiff to show affirmatively that it was the holder in due course. (*First National Bank v. Hall*, 31 Ida. 167, 169 Pac. 936.)

The court therefore erred in directing a verdict for respondent. (*Wright v. Spencer*, 39 Ida. 60, 226 Pac. 173.)

Where a note is given to evidence the purchase price of land in accordance with the terms of a contract of sale, both being executed at the same time and as parts of the same transaction, the note, though negotiable in form, is not negotiable at law, and a purchaser taking it with knowledge of the contract of sale or with notice thereof sufficient to put him upon inquiry takes the note subject to equities existing between the original parties. (8 C. J. 200; *National Hardwood Co. v. Sherwood*, 165 Cal. 1, 130 Pac. 881; *Stoner v. Security Trust Co.*, 47 Cal. App. 216, 190 Pac. 500; *Pitman v. Walker*, 187 Cal. 667, 203 Pac. 739; *General Motors v. Garrard*, 41 Ida. 151, 238 Pac. 524.)

J. J. McFadden, Proctor K. Perkins and W. A. Brodhead, for Respondent.

''Where the only issue is whether the holder of a note took it without notice of fraud practiced in its inception, a verdict may be directed for the holder even though the only testimony is his own and his agent's, if it is unimpeached and uncontradicted, and no contrary inference can be drawn from the facts and the circumstances shown by all the evi-

dence." (*First National Bank of Pocatello v. Pond,* 39 Ida. 770, 230 Pac. 334.)

"The granting or denying of a new trial is in the sound discretion of the court." (*Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962; *Montgomery v. Gray,* 26 Ida. 585, 144 Pac. 646; *Stolz v. Scott,* 28 Ida. 417, 154 Pac. 982; *Cox v. Cox,* 22 Ida. 692, 127 Pac. 679; *McAllister v. Bardsley,* 37 Ida. 220, 215 Pac. 852; *Ross v. Swearingen,* 39 Ida. 35, 225 Pac. 1021.)

It has not been shown that the trial court abused its discretion and hence did not err in granting plaintiff's motion for a new trial.

VARIAN, Commissioner.—This is an action on a promissory note by one claiming to be a holder in due course, etc. The defense of fraud by the payee named in the note, assignor of the holder, was interposed. At the first trial, the court directed a verdict for the plaintiff, respondent here, and on appeal this court reversed the judgment and ordered a new trial. (*Wright v. Spencer,* 39 Ida. 60, 226 Pac. 173), saying:

" . . . . We conclude that, when appellant alleged and proved that the title of the corporation which negotiated the instrument to respondent was defective, because of the fraud practiced, the burden was on respondent to prove that he acquired title to the note as a holder in due course. This included the burden of proving that, when it was negotiated to him, he had no notice of the infirmity in the instrument resulting from the fraud practiced by the corporation which transferred it to him, lack of such notice being an element of the statutory definition of a holder in due course. Having proved the fraud, the burden was not upon appellant to prove that respondent took with notice of the fraud, but the burden was on respondent to prove that he took without notice. The court therefore erred in directing a verdict for respondent."

The cause was retried upon the same pleadings, and respondent testified that he took the note without any notice of fraud or other infirmity, for value before maturity. This

was the only testimony on this issue. A motion for an instructed verdict was denied, and the jury found for appellant. The court entered judgment, and thereafter granted a new trial. From the order granting a new trial, defendant appeals.

[1, 2] The mere fact that respondent was at one time a stockholder of the corporation, whose agent or officer perpetrated a fraud upon appellant in procuring the note in question, is not sufficient to overcome the positive testimony of respondent that he purchased the note in good faith, for a valuable consideration, without knowledge of any defense thereto claimed by the maker, or any suspicious circumstances in connection with its execution. The trial judge would have been justified, under the evidence, in directing a verdict. (*First National Bank v. Pond,* 39 Ida. 770, 230 Pac. 334.)

[3] We have carefully examined the record, and are of the opinion that there was no abuse of discretion in granting respondent's motion for a new trial. (*McAllister v. Bardsley,* 37 Ida. 220, 215 Pac. 852, and cases therein cited.)

We recommend that the order appealed from be affirmed, with costs to respondent.

Brinck and McNaughton, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court. The order granting a new trial is affirmed. Costs to respondent.

Petition for rehearing denied.