(No. 5039.  July 6, 1928.)

G. G. WRIGHT, Appellant, v. FRED GERBER, Respondent.

[269 Pac. 85.]

Harry Benoit, for Appellant.

J. W. Taylor and Sweeley & Sweeley, for Respondent.

BUDGE, J.—Appellant filed this action against respondent to recover upon a promissory note executed by respondent, made payable to the Paysee Investment Company, and by the latter company sold and delivered to appellant. Respondent's defense was that the note was obtained by the investment company by fraud and misrepresentations, and failure of consideration in that the Paysee Investment Company had failed to comply with the terms of a written agreement entered into by and between said company and respondent wherein it was set forth, among other things, that when the purchaser (respondent) of certain land, in part payment of which the note in suit was given, should have paid the whole purchase price, the company would give a warranty deed to said land free and clear of all encumbrances except taxes for the year 1920 and thereafter. Under this defense respondent introduced evidence to show that the property agreed to be purchased by him had been lost through foreclosure of a mortgage, which made it impossible for the contract to be carried out by the investment company. Appellant denied any knowledge of the agreement referred to, or any knowledge of the alleged misrepresentations. The cause was tried to the court and a jury, the court refusing to grant appellant's motion for a directed verdict, and the jury returned a verdict for respondent. Appellant's motion for a new trial was also denied, and he appeals from the order denying the motion for new trial as well as from the judgment entered on the verdict in favor of respondent.

Respondent's motion to dismiss the appeal is denied.

The evidence is undisputed that on May 24, 1920, respondent executed and delivered to the Paysee Investment Company the note in question, that it is negotiable in form, that by its terms it matured January 15, 1921, and that appellant purchased the note in September, 1920 (before its maturity), in good faith and for a valuable consideration, and without notice of the defenses set up by respondent to defeat payment of the same. Under these facts appellant was a holder in due course. (C. S., sec. 5919.)

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." (C. S., sec. 5924.)

The note, being negotiable, fraud, even if practiced in its inception by the Paysee Investment Company, would not defeat appellant's right of recovery, since he was a holder in due course, and took the note without notice of any infirmities in the instrument or defect in the title of the person negotiating it. In order to charge the paper in the hands of appellant with prior equities or defenses he must have had actual notice either of the facts constituting the equities or defenses or of such circumstances that his action in taking the paper in the face of such knowledge amounted to bad faith. (C. S., sec. 5923; *Winter v. Nobs,* 19 Ida. 18, Ann. Cas. 1912C, 302, 112 Pac. 525. The rights of a holder of a negotiable instrument are to be determined by the simple test of honesty and good faith, and not by speculative issues as to diligence or negligence. (*Winter v. Nobs, supra.*) Appellant testified positively and unequivocally that he had no knowledge or notice of the transaction leading up to or connected with the giving of the note by respondent to the Paysee Investment Company, which testimony was unimpeached and uncontradicted, and we think no contrary inference can be drawn from the facts and circumstances shown by all the evidence, which being true, as held in *First National Bank v. Pond,* 39 Ida. 770, 775, 230 Pac. 344, it would have been proper for the court to direct a verdict for appellant, even though the only testimony on this point was his own. (*Wright v. Spencer,* 44 Ida. 419, 258 Pac. 361.) Nor is the purchaser of negotiable paper in due course and before maturity under any duty to make inquiry as to the title to paper, fair and regular on its face, or to inquire into the consideration given for the note or of the transaction out of which it arose. (*Vaughn v. Johnson,* 20 Ida. 669, 119 Pac. 879, 37

L. R. A., N. S., 816; *Butte Machinery Co. v. Jeppesen,* 41 Ida. 642, 241 Pac. 36.)

The verdict of the jury lacks sufficient support in the evidence, and the judgment based thereon should not be permitted to stand but should be reversed and the cause remanded for the entry of judgment for appellant for the principal amount of the note, together with interest and attorney fees. It is so ordered. Costs to appellant.

Givens and T. Bailey Lee, JJ., concur.

Wm. E. Lee, C. J., did not sit at the hearing and took no part in the decision.

Taylor, J., dissents.