(No. 5669.  April 25, 1931.)

E. L. CHESNEY, Appellant, v. HERBERT N. BODILY, Administrator of the Estate of CHARLES B. FIFIELD, Deceased, and NINA D. FIFIELD, Respondents.

[298 Pac. 937.]

Gustin & Pence and P. M. Condie, for Appellant.

L. R. Morgan, for Respondents.

LEE, C. J.—Plaintiff and appellant, E. L. Chesney, sued defendants and respondents, Herbert N. Bodily, as administrator of the estate of Charles B. Fifield, deceased, and Nina D. Fifield, the widow, upon a promissory note theretofore made and delivered the Pioneer Sugar Company, a Utah corporation, by deceased, and later by that company indorsed in blank and transferred to one E. R. Wooley who thereafter transferred and delivered it to appellant: it was alleged that both transfers had been made for value and before maturity. Respondents denied each and every allega-

tion of the complaint, and affirmatively plead that the Sugar Company, at all times mentioned in the complaint, was not and never had been entitled to do business within the state of Idaho by reason of noncompliance with the provisions of chap. 187 of the Idaho Compiled Statutes of 1919, relating to foreign corporations, and was not and never had been entitled ''to do business of the character alleged in the complaint,'' not having complied with the provisions of chap. 206 of the same compilation, known as the Blue Sky Law: the particular business alluded to was the selling of the Sugar Company's stock.

Basing his motion upon the ground that both these affirmative defenses were sham, irrelevant and redundant, appellant interposed a motion to strike them: the court denied the motion. It was stipulated, for the purposes of the trial, that proof by deposition or witnesses would show that on the date of the execution of the note and also its negotiation to appellant the payee, Sugar Company, had not complied with the Idaho Foreign Corporation Law or the Blue Sky Law, and that the note was given for stock in the Sugar Company. The stipulation, however, was made subject to appellant's objection that such proof would be incompetent, irrelevant and immaterial, and that the affirmative defenses by respondent plead did not state facts sufficient to constitute a defense. At the conclusion of the evidence, appellant moved for a directed verdict, which was denied. Upon the ensuing verdict in respondents' favor, judgment was entered, this appeal resulting.

Appellant first complains that the court erred in denying his motion to strike the affirmative defenses. In that motion, as heretofore noted, he took the position that the defenses were sham, irrelevant and redundant. In his brief, his position is that the defenses lacked ''the substantial and fundamental allegation of fact that appellant took the note with knowledge of the defects relied on or in some other respect was a *mala fide* purchaser of the note.'' However insufficient the pleading may have been, it was neither sham, irrelevant, nor redundant; and the court's ruling was without error.

The next contention is that the court erred in denying appellant's motion for a directed verdict. All evidence of the Sugar Company's failure to comply with the state laws consisted of matter stipulated into the case subject to appellant's detailed objections. From the record, it does not appear what was the court's ruling on these objections: he did not in term sustain them; and we will therefore indulge the presumption that by allowing such matter to go to the jury he deemed the objections overruled.

C. S., sec. 5919, defining a holder in due course declares that such a holder is one who has taken the instrument without notice of any infirmity therein or defect in the title of the person negotiating it. Under C. S., sec. 5926, every holder is deemed *prima facie* to be a holder in due course, but there is a proviso that, "When it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." It had been plead that the Sugar Company's title was defective: the same thing had already been "shown." Appellant complains that there was no allegation charging him with notice of such defects. An allegation to this effect was unessential; and the evidence objected to was correctly admitted. *Wright v. Spencer,* 39 Ida. 60, 63, 226 Pac. 173, where a like objection was directly raised.

Giving respondents the benefit of the entire evidence adduced, their chief complaint as set forth in their brief is that appellant "very studiously avoided inquiry as to who or what the Pioneer Sugar Company was, where it was operated or who the farmers were, who signed the notes, or where they resided." Had he known all these things, none of them would have apprised him of the Sugar Company's failure to comply with the state law, or even aroused a suspicion that it had not complied. With the note fair and regular on its face, he was under no duty to inquire if the payee had or had not complied with the law, unless he had knowledge of facts that would have put him on inquiry.

(*Butte Machinery Co. v. Jeppesen,* 41 Ida. 642, 651, 241 Pac. 36, 39; *Pacific States A. & F. Corp. v. Addison,* 45 Ida. 270, 279, 261 Pac. 683, 685; *Wright v. Gerber,* 46 Ida. 476, 480, 269 Pac. 85, 86.)

Appellant testified that at the time he bought the note he had no knowledge or notice that the payee Sugar Company had not complied with the state laws. No one contradicted him, nor is there anything in the record from which an inference can be drawn that he did. This was sufficient to discharge the burden shifted to him by the evidence introduced under the special defenses. (*First Nat. Bank v. Pond,* 39 Ida. 770, 230 Pac. 344, and authorities, *supra.*) That appellant's transaction was an extremely irregular one, there is no doubt. But, where was there shown any further infirmity or defect of which he had knowledge, notice or sufficient facts to put him on inquiry? Lack of consideration had been plead, both in the note's inception and its subsequent transfer to appellant. There was no absence of consideration shown in the first instance; and appellant testified without contradiction that, for the sheaf of notes bought, he paid $5,000 cash and delivered a valuable bunch of cattle. Having presented the note and proved the signature of the maker and blank indorser, not only were all the presumptions of law with him, but as has been observed, his own testimony re-enforcing those presumptions was not contradicted. The note on its face executed at Preston, Idaho, on March 2d, 1921, matured November 15th following. Appellant testified that he bought the note in Salt Lake City either the 1st or 2d of March, 1921; that he had not at that time ever seen it, did not know where it was, and that it was not delivered him until about forty days later. Seeing that Preston, Idaho, is a considerable distance from Salt Lake City, together with the other unusual circumstances surrounding the transaction, the jury might have seriously questioned the story of appellant's purchase on the day stated. But, whatever belief it might have arrived at in that regard, there is absolutely no whit of proof that appellant was not the owner of the note when

his complaint was filed and the case tried, nothing to overcome the presumptions that the statute gave him.

It was denied that appellant bought the note before maturity, and argued that, therefore, he could not invoke the immunity of a holder in due course. But nothing was adduced to show that he did not acquire the instrument before it was due; and, under the statute the presumption was that he did. The motion for directed verdict should have been granted.

Judgment reversed with instructions to the trial court to enter judgment in appellant's favor; costs to appellant.

Givens, Varian and McNaughton, JJ., concur.

Budge, J., took no part in the decision.

Petition for rehearing denied.