(No. 5701.   October 8, 1931.)

THE   CONTINENTAL   NATIONAL   BANK   OF   SALT
   LAKE   CITY,   UTAH,   a   Corporation,   Appellant,   v.
   JOSEPH COLE, Respondent.

[3 Pac. (2d) 1103.]

Gustin & Pence and P. M. Condie, for Appellant.

E. M. Wilson, and Carver & Carver, for Respondent.

GIVENS, J.—The note, the basis of the action herein to enforce its payment, was one of several of a similar kind received by the Pioneer Sugar Company, a Utah corporation, for stock in said company, negotiated by it before maturity to E. R. Woolley, in payment of a sugar factory sold by Woolley to the company. Ninety-five thousand dollars face value of such notes were in turn transferred by Woolley before maturity to the National Bank of the Republic, later consolidated with appellant, in exchange for some $128,750 face value of notes of the Chesney Stock Farm.

It is conceded the National Bank of the Republic was anxious to dispose of the Chesney notes, as it would have required additional financing by the bank to carry the company, which it did not feel able to do. Woolley was anxious to get control of the company, which the purchase of its notes gave him because they were secured by a controlling interest in amount of the stock of said Chesney Stock Farm.

Respondent Cole interposed the following defenses to the action herein: That the Pioneer Sugar Company had not complied with the so-called "Blue Sky Law," C. S., chap. 206; had not complied with C. S., chap. 187, as to foreign corporations doing business in Idaho; fraud in the inception of the note; fraud in its negotiation; failure of consideration; and that appellant was not a holder in due course.

It was stipulated that the Pioneer Sugar Company had not complied with the "Blue Sky Law," C. S., chap. 206, and the Foreign Corporations Law, C. S., chap. 187. Appellant, though stipulating as to the fact, objected to the relevancy, materiality and competency thereof. This evidence was admissible (*Chesney v. Bodily,* 50 Ida. 597, 298 Pac. 937), and placed the burden on appellant of proving that it was a holder in due course. (*Ashley State Bank v. Hood,* 47 Ida. 780, 279 Pac. 418; *Weisendanger v. Lind,* 114 Kan. 523, 220 Pac. 263.)

In the cross-examination of Culbertson, vice-president of appellant bank, the only witness produced by appellant, it was brought out that at the time he secured the notes from Woolley, Woolley refused to indorse the notes. Appellant assigns as error the refusal of the trial court to give requested instruction No. 6, as follows:

"The Court instructs the jury that the fact that the note sued upon was transferred by Ernest R. Woolley to the plaintiff without his endorsement thereon, and by delivery only, is no evidence of either good or bad faith in the transaction, and is a fact which cannot be taken into consideration by you in determining whether or not plaintiff was a *bona fide* holder of the note sued upon."

An indorsement without recourse cannot be regarded as evidence against an indorsee's holding in good faith (*Leavitt v. Thurston*, 38 Utah, 351, 113 Pac. 77); that payees indorsed a note without recourse is not evidence that transferees were not purchasers in good faith, and an instruction permitting the jury to consider such fact on that issue was held erroneous (*Robertson v. Budzier*, 229 Mich. 619, 201 N. W. 949); an indorsement without recourse does not operate as a notice of defenses (*Hamilton v. Fowler*, 99 Fed. 18, 40 C. C. A. 47). See, also, *Downs v. Horton*, (Mo. App.) 209 S. W. 595, aff. 287 Mo. 414, 230 S. W. 103, *Morehead v. Harris*, 121 Ark. 634, 182 S. W. 521, *Elgin City Banking Co. v. Hall*, 119 Tenn. 548, 108 S. W. 1068, *Neely v. Black*, 80 Ark. 212, 96 S. W. 984, *Dollar Sav. & Trust Co. v. Crawford*, 69 W. Va. 109, 70 S. E. 1089, 33 L. R. A., N. S., 587, *Smith v. Breeding*, 196 Iowa, 670, 195 N. W. 208, and *Omaha Steel Works v. Martin*, 78 Colo. 560, 243 Pac. 619, to same effect.

If Woolley's refusal to indorse had the same effect as an indorsement without recourse, it would seem that his lack of indorsement cannot be considered as showing what he thought the notes were worth. The instruction should have been given. (C. S., sec. 5901.)

Appellant assigns as error the act of the court in instructing that it might consider the issue of fraud in

the negotiation of the note, and the admission of the testimony of respondent's son, with regard to conversations between respondent and claimed agents of the sugar company, on the ground that it had not been shown that they were agents of the sugar company. Respondent seeks to justify such admission on the ground that it was part of the *res gestae*. No contract or stock subscription agreement between respondent and the Pioneer Sugar Company was introduced in evidence. During the examination of Rawlings, one was introduced, but this evidence was only introduced, and so specifically stated, for the purpose of showing that the company was doing business in the state of Idaho. At least one fatal defect is that it was not shown that the conversations took place at the time the notes were signed:

"Q. I just want to know, Mr. Cole, what the fact is: Did you see any other papers signed other than these notes at the time of this conversation between your father and this man? A. You mean at the time he signed the notes?

"Q. Yes. A. No, sir.

"Q. And was it at the time he signed the notes that you heard a conversation between your father and this man? A. No, sir."

These questions were at once objected to, and admission of the evidence was, on the showing made, prejudicial error, as was the giving of instructions in connection therewith. There was nothing to connect these conversations with respondent's purchase of the stock, their agency with the sugar company, or with any party from whose acts the sugar company benefited, to make applicable the rule in *Intermountain Assn. of Credit Men v. Pierce*, 43 Ida. 279, 251 Pac. 615, and *McCornick & Co. v. Tolmie Bros.*, 42 Ida. 1, 243 Pac. 355.

It was unnecessary to allege that the bank took the note with knowledge of defenses, or was not a *bona fide* purchaser of the note. (*Chesney v. Bodily, supra.*)

The other errors assigned go to the sufficiency of the evidence to show notice, actual or constructive, of defects

in the notes which would deprive the bank of being a *bona fide* holder. Because of the conclusion reached herein, it is unnecessary to discuss this point further than to say that mere suspicious circumstances are insufficient to sustain the defense urged by respondent. On the other hand, all the facts and circumstances surrounding the transaction are to be taken into consideration by the jury on the question of the good faith of the indorsee. (*Park v. Johnson,* 20 Ida. 548, 119 Pac. 52.) Such circumstances, however, must be more than suspicious, and must be such as would charge an ordinarily prudent man, the purchaser of a note, with bad faith, or notice of an infirmity in the instrument, or defects in the title of the party from whom he makes the purchase. (*Park v. Johnson, supra; Butte Machinery Co. v. Jeppesen,* 41 Ida. 642, 241 Pac. 36; *National Bank of the Republic v. Beckstead,* 68 Utah, 421, 250 Pac. 1033.)

Judgment reversed and the cause remanded for a new trial. Costs awarded to appellant.

Lee, C. J., and Varian and McNaughton, JJ., concur.