THORNAL, CAMPBELL, Associate Judge.
Appellant Davis, who was defendant below, seeks reversal of a final decree in favor of Appellees West in an action to foreclose a mortgage on real estate.
The point to be determined is whether the - Appellees West were holders in due course of the promissory note which evidenced the debt.
Under date of July 8, 1955, Appellant Davis executed and delivered to one Glim-cher a promissory note in the amount of $2,980. The note by its terms was payable at the rate of $35 per month including interest, with a final payment to be made five years after date. The complaint alleged that on August 11, 1955, Glimcher transferred the instrument to Mr. and Mrs. West by means of the following notation on the back of the note, to wit:
“For value received I hereby assign, transfer, sell and forever quitclaim all my right, title, and interest in the within note without recourse to Edwin M. West and his wife, Bessie G. West.”
By the complaint seeking foreclosure of the mortgage which secured this note the Wests alleged that they were holders of the promissory note by virtue of a transfer on August 11, 1955. They also alleged that nothing had been paid on the note and that Appellant Davis owed the entire principal and interest. The appellant by his answer undertook to assert various defenses against the promissory note including forgery and failure of consideration. The Chancellor was of the view that the Wests were holders in due course within the contemplation of Section 674.54, Florida Statutes, F.S.A., and as such, took the note and accompanying mortgage free of the asserted defenses. Accordingly, a final decree of foreclosure was entered. Reversal of this decree is now sought.
The appellant, maker of the note, contends that the language employed by Glim-cher in transferring the note constituted merely an assignment rather than an endorsement and that, therefore, the Wests took subject to any defenses assertable by the maker. Appellant also contends that the note was transferred after maturity of the first installment due and that under such circumstances the Wests should be charged with notice of any defenses against the instrument.
The appellees contend that the language of the transfer constituted an endorsement and that the Chancellor ruled correctly in concluding that they were holders in due course.
On the initial point we think the Chancellor ruled properly in holding that the language of the transfer written on the back of the instrument itself constituted an endorsement within the contemplation of Section 674.34, Florida Statutes, F.S.A. While on the surface, the words employed might appear to be merely the language of an assignment the cases seem to hold that when such an assignment is placed on the instrument itself it will constitute an endorsement.
Appellant relies on Baker v. Rowe, 102 Fla. 622, 136 So. 681. We think the cited case does not support the position of the Appellant here. In Baker v. Rowe, supra, the assignment was by a separate document. It was neither placed on the note itself, nor physically attached thereto. The majority rule is that when there is an assignment of a negotiable instrument by an entirely separate document the transfer would be construed as being merely an assignment subject to any equities affecting the note. On the other hand, even though the language used would constitute a mere assignment if employed in a separate document, it would be construed as an endorsement if placed upon the instrument itself, or upon a paper attached thereto.
Robertson v. Northern Motor Securities Co., 105 Fla. 644, 142 So. 226, is of some *705 persuasive value. There a transfer containing language very similar to that employed in the case at bar was placed on the back of the note and was construed by this Court to constitute an endorsement and the endorsee was held to be a bona fide holder in due course. By contrast in Haughey v. Heaney, 89 Fla. 102, 103 So. 400, the assignment of a note by a separate instrument did not convey the same free of equity. In the case last cited it should be noted that the assignment was executed after maturity, a factor which we shall later discuss.
The position which we here take appears to be supported by the substantial weight of authority although admittedly there is some conflict. See 4 Fla.Jur., Bills, Notes and Checks, Section 76, 8 Am.Jur., Bills and Notes, Sections 301 and 320; Beutel’s Bran-nan, Negotiable Instruments Law, Section 31, page 601; Britton on Bills and Notes, Hornbook Series, Chapter 2, Section 58.
Appellant relies almost entirely on Gale v. Mayhew, 161 Mich. 96, 125 N.W. 781, 29 L.R.A.,N.S., 648, and Carius v. Ohio Contract Purchase Co., 30 Ohio App. 57, 164 N.E. 234. Both of these opinions have been generally regarded as being representative of the minority view. For an exceedingly lucid discussion of what appears to be the majority view and one which supports the position which we here take, see Implement Credit Corporation v. Elsinger, 268 Wis. 143, 66 N.W.2d 657, 67 N.W.2d 873.
We, therefore, hold that the language of the transfer endorsed on the back of the promissory note constituted an endorsement. The employment of the words “without recourse” did not destroy the negotiable character of the instrument. This language did convert the endorsement into a qualified endorsement under the negotiable instrument law. Section 674.41, Florida Statutes, F.S.A. None the less, it neither destroyed the negotiable character of the instrument nor did it prevent the en-dorsee from taking as a holder in due course. 8 Am.Jur., Bills and Notes, Section 364, page 101; Continental National Bank of Salt Lake City, Utah v. Cole, 51 Idaho 140, 3 P.2d 1103, 77 A.L.R. 484; Implement Credit Corporation v. Elsinger, supra, Beutel’s Brannan, Negotiable Instruments Law, 7th Edition, Section 38, page 626.
We are, therefore led to conclude that the Chancellor ruled correctly in holding that the transfer on the back of the instrument constituted an endorsement which would in turn enable the transferees West to become holders in due course if the other elements essential to such a transfer were present.
We come to the next point involving the ruling which appears to us to constitute reversible error.
Among the conditions essential to enable the endorsee to take as a holder in due course is the requirement that he become the holder before the instrument is overdue. Section 674.54(2), Florida Statutes, F.S.A. This is a rule thoroughly established not only by the statute but by the Florida cases. It is equally well settled that when the endorsee takes after maturity he is charged with notice of any default in compliance with the instrument and he takes it subject to any defenses assertable by the maker against the original payee. Wiers v. White, 142 Fla. 628, 196 So. 206; Hulet v. Denison, 146 Fla. 478, 1 So.2d 467; Florida Land Holding Corporation v. McMillen, 135 Fla. 431, 186 So. 188.
Referring back to the factual situation it will be recalled that the note involved was dated July 8, 1955. The first monthly installment came due August 8, 1955. Admittedly, by the allegations of the complaint and the findings of the Chancellor, the instrument was not transferred to the Appel-lees West until August 11, 1955, at least three days after maturity of the first monthly installment.
Admittedly also, the note was in default at that time because it was alleged in the complaint and found by the decree that no part of the principal had been paid. Un *706 der these circumstances it was error for the Chancellor to hold that the Appellees West took the note as holders in. due course, free of equities in favor of the original maker. On the contrary, on the basis of the showing made by the instant record, the Wests took the note after maturity and after default and were, therefore, charged with notice of any defenses in favor of the original maker.
We do not here pass upon the sufficiency of any of the asserted defenses. This is a matter which the Chancellor will have to consider in the future..
The final decree is reversed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ALLEN, C. J., and KANNER, J., concur.