C. E. McNEILL, *Plaintiff in Error,* v. F. A. WOOD, *et al.,*
*Defendants in Error.*

Opinion Filed November 25, 1913.

The stockholders or incorporators of a corporation are not "personally liable for all of the corporation debts as if they were members of a general partnership and not stockholders of a corporation," under the statute, when the letters patent with a certified copy of the charter were by the attorney of the corporation duly filed for record as required by the statute, and there have also been duly filed as required by the statute duplicate affidavits by the treasurer of the corporation that ten per cent of its capital stock had been "actually paid in."

Writ of error to Circuit Court of Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*Wall & McKay,* for Plaintiff in Error;

*P. O. Knight* and *Herman Merrell,* for Defendants in Error.

WHITFIELD, J.:—An action was brought by C. E. McNeill against F. A. Wood and others upon the theory that they were incorporators in obtaining letters patent as a corporation, and that as the corporation had not complied with the provisions of Section 2652 of the General Statutes of Florida, such incorporators are under the statute "personally liable for all the corporation debts as if they were members of a general partnership and not stockholders of a corporation." There was judgment on demurrer for the defendants and the plaintiff took writ of error.

The declaration alleges "that at the time said debt became due and payable, the said corporation had been transacting business, and in the course of the transaction of its said business had incurred its said liability and debt to the plaintiff, and had not complied with the requirements of Section 2652 of the General Statutes of Florida, in that it did not have its letter patent with a certified copy of its charter recorded in the office of the Clerk of the Circuit Court for Hillsborough County in which its principal place of business was located according to the terms of its charter, but said documents were merely filed for record in said office by the Attorney for said company and not by direction of the company, and

in that it had not filed with the Secretary of State of the State of Florida and the Clerk of the Circuit Court for Hillsborough County, Florida, where the principal place of business of said corporation, according to its Letters Patent, is located, duplicate affidavits by its Treasurer that 10% of its capital stock had been subscribed and paid, and plaintiff avers that at the time the said Letters Patent were filed for record with the Clerk of the Circuit Court in and for Hillsborough County, in said State as aforesaid, the defendant, T. K. Wilson, made and filed with said Clerk and the said Secretary of State an affidavit in words and figures following, to-wit:

'STATE OF FLORIDA,
      COUNTY OF HILLSBOROUGH:

In person appeared before the undersigned, T. K. Wilson, who being duly sworn, deposes and says: That he is the Treasurer of the Tampa Bay Transportation Company, and that more than Ten Per Cent of the Capital Stock of said corporation has been actually paid in.

Sworn to and subscribed before me, this 23rd day of May, 1906.

E. H. Myers, Notary Public.                    T. K. Wilson.'

And the same was the only affidavit concerning the payment of the capital stock of said corporation ever filed, either in the office of the Clerk of the Circuit Court for Hillsborough County, or in the office of the Secretary of State of the State of Florida. And plaintiff avers that the making and filing of said affidavits by the defendant, T. K. Wilson, was not in compliance with the requirements of said Section 2652 of the General Statutes of Florida, because the said affidavit did not set forth that 10% of the capital stock of said corporation had been

subscribed and paid and because the filing of the said affidavit by the defendant, T. K. Wilson, was not an act of said corporation because the charter of said corporation had not then been accepted by the incorporators or their associates or assigns, and the making and filing of said affidavit was not authorized and directed by the Board of Directors, stockholders or other governing body of said corporation at a meeting lawfully held; wherefore, plaintiff avers that the said defendants, as stockholders of said corporation, are personally liable to the plaintiff for the said debt of said corporation to himself, hereinbefore set out, as if they were members of a general copartnership and not stockholders of a corporation."

Section 2652 of the General Statutes provides that "No corporation shall transact any business until it has had the letters patent with a certified copy of the charter recorded in the office of the Clerk of the Circuit Court of the county wherein the principal place of business is located, and has also filed with the Secretary of State and with the said clerk (except in cases of building and loan associations) duplicate affidavits by its Treasurer that ten per cent. of its capital stock has been subscribed and paid. If any corporation shall transact any business before complying with these requirements, or if any corporation chartered by a special act of the Legislature shall transact any business before filing said duplicate affidavits and paying the charter fees required by law to the Secretary of State for the State treasury, its stockholders, or in the latter case its incorporators and stockholders, shall be personally liable for all of the corporation debts as if they were members of a general partnership and not stockholders of a corporation."

In Heinberg Bros. v. Thompson. 47 Fla. 163, 37 South.

Rep. 71, it was held that "the statute requires the corporation—not the promoters or proposed incorporators—to file letters patent, and also affidavits from its Treasurer that ten per cent of its capital stock had been subscribed and paid."      *      *      *      *      "The filing of the letters patent and the required affidavits were not intended as mere idle ceremonies, but to subserve a useful purpose. The filing of the letters gives public notice of the powers, privileges and limitations of the corporation, and of the acceptance of the charter. The filing of the affidavits give public notice that a certain percentage of the capital stock has been subscribed and paid, showing that the corporation has been actually organized in good faith, and that the corporators intend to do business under the charter, and not as individuals, and that there has been no abandonment of the enterprise as a corporation. It shows also that there has come into the hands of the Treasurer a sum of money which constitutes an asset to which creditors may look for payment, and that the balance of the capital stock is a potential thing of value to creditors."

It is contended that "the corporation      *      *      *      * attempted to meet the requirements of the statute by filing, through its attorney, in the clerk's office, its letters patent, with a certified copy of its charter, after it had been issued by the Governor and Secretary of State, and before there had been any meeting of the stockholders or directors of said corporation, and before the said charter had been formally accepted by the stockholders," therefore the defendants are liable as partners.

The allegation is that "said documents were merely filed for record in said office by the attorney for said company and not by the direction of the company." If

the corporation had an attorney as alleged, it must have taken some action as a corporation, and if an attorney was appointed, his duties could have been prescribed. The documents had to be filed by an agent of the corporation, which being merely a legal corporate entity could not act except through agents. "The filing of the letters gives public notice　＊　＊　＊　＊　＊　of the acceptance of the charter." Heinberg Bros. v. Thompson, *supra*.

The affidavit that ten per cent. of the capital stock had been "actually paid in," was duly filed after the letters patent were issued and such affidavit is a substantial compliance with the statute. If the requisite amount was "actually paid in," it must have been actually or impliedly subscribed.

The allegations of the declaration are not sufficient to show that the person who filed the affidavit was not in fact authorized to do so for the corporation. No fraud or deception is alleged, and the allegations do not warrant an inference that the documents were not properly filed for the corporation by authority previously given, or by ratification. As the letters patent were filed for record, the actual recordation is not necessary to perfect the corporate entity, there being no deception. "The filing of the letters patent gives public notice of the powers, privileges and limitations of the corporation, and of the acceptance of the charter." Heinberg Bros. v. Thompson, *supra*.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.