RAYMOND C. BAKER and wife, LOUISE N. BAKER, *Appellants*, vs. R. H. ROWE, *Appellee*.

136 So. 681.

Division B.

Opinion filed July 28, 1931.

*Eldridge Hart,* for Appellants;

*R. C. Horne,* for Appellee.

PER CURIAM.—We are confronted here with two appeals from final decrees confirming sales and granting deficiency

decrees in mortgage foreclosures. The foreclosures involved two lots in Holly Hill, Volusia County, Florida, the parties to both causes were identical, and except as to number of the lots and a slight difference in the amount named in the face of the notes secured by the mortgages there was no difference whatever in any of the pleadings or proceedings in either suit.

Both decrees below were affirmed by per curiam orders of this Court filed October 16, 1930, but on account of requests for oral argument having been overlooked a rehearing was granted and they have been fully argued and re-examined.

It is urged in this Court that error was committed below in the denial of defendant's motion for consolidation, and for the reason that they were not given an opportunity to be heard at the final hearing and because of the entry of a deficiency decree.

Section 2585 Revised General Statutes of 1920 (Section 4225 Compiled General Laws of 1927) provides that causes of action of whatever kind, by and against the same parties in the same rights, may be joined in the same suit, except that replevin and ejectment shall not be joined together or with other causes of action.

Section 2584 Revised General Statutes of 1920 (Section 4224 Compiled General Laws of 1927) in effect provides that where more than one person is bound on any bond, promissory note, or other contract, whether as original obligors, sureties, or endorsers and the plaintiff shall institute more than one suit on such bond, promissory note, or contract said suits may be consolidated by the Court where practicable and in accordance with the principles of law and only the cost of one shall be taxed in the bill of costs.

These statutes define the policy of the law of this state with reference to the matter of joining and consolidating causes of action which is a liberal one. In the absence of

regulatory statute of this kind consolidation of actions cannot be demanded as a matter of right but rests in the sound legal discretion of the Court exercised in the light of the facts and circumstances of the particular case. This rule applies to suits in equity as well as to actions at law and when the conditions essential to authorize a consolidation do not exist the Court has no discretion to exercise.

The conditions authorizing consolidation in equity are different from those authorizing such procedure at law, the chief inquiry being with regard to the subject matter involved in the different suits, it being necessary that there should be the same identity of parties as is essential to authorize a consolidation at law. As a general rule, consolidation in equity may be effected when the subject matter involved and the relief demanded in the different suits make it expedient for the Court, by hearing them together, properly to determine all of the issues involved and adequately adjudicate the rights of the different parties. Suits in equity should not generally be consolidated when they differ both as to parties and subject matter, or when the various questions presented are so confused as to make it proper that the suits should be heard separately, or when conflicting objects are sought to be accomplished. Circumstances may arise when it would be feasible to consolidate causes having different parties and involving different rights. 1 Corpus Juris 1128, Section 325.

Some courts hold that consolidation may be effected at any step in the cause while others hold that it cannot be effected until issues are made. Under our statutes, it is accomplished in the discretion of the court when "practicable and in accordance with the principles of law". On the face of the record, we find no good reason why the motion to consolidate should not have been granted.

The alleged equity set up in the answer to the bill was in effect that the two lots sold by Holmes H. Rightmire and wife to Raymond C. Baker and wife were contiguous

and were sold at the same time for a consideration of Five Thousand Dollars, that a total of Two Thousand Seven Hundred sixty-three and eighty-eight one hundredths Dollars or slightly more than the cost of one lot has been paid on this consideration, and that in equity and good conscience Raymond C. Baker, and wife should now be given a deed with clear title to either one of said lots, and that they should be given credit for all amounts paid over and above the price thereof.

It is true that the notes involved here were not conveyed by endorsement in due course as provided by the negotiable instruments law but they were conveyed by assignment and being thus conveyed appellee took them subject to any equities affecting them. 3 R. C. L. 976. The notes nor the mortgages which were assigned with them support any such equity as is claimed and nothing in the contract between the parties supports it. We find nothing whatever in the record to support the equity attempted to be interposed in behalf of appellants.

Other assignments suggest that appellants were deprived of a material right in that they were not heard at the final hearing and in that equities in their favor were set up in the answer to the bill which were not considered by the court and which precipitated a deficiency decree against them.

Nothing that appellants could have said at the final hearing would have saved the decree entered against them. The assignments of both mortgages and notes to appellee were regular and for a valuable consideration. The suits to foreclose were regular and seasonably brought and the notes were for Eleven Hundred Eleven Dollars and twelve cents and Twelve Hundred Twenty-Five Dollars respectively. There was no suggestion of a Five Thousand Dollar transaction as contended for by appellant and there is no basis in law or equity for recoupment under the terms of the contracts involved.

The error committed in denying the motion to consolidate may be cured by a remittitur. Therefore, if appellee will within thirty days from the judgment herein enter a remittitur in the amount of the costs of one of said causes, the judgment below will stand affirmed as to both of them, otherwise they will be reversed with directions to grant the motion to consolidate.

Affirmed on condition of remittitur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.