SPITZER-RORICK TRUST AND SAVINGS BANK, a corporation, *Appellant*, vs. W. O. THOMPSON, et al., *Appellees.*

SPITZER-RORICK TRUST AND SAVINGS BANK, a corporation, et al., *Appellants*, vs. CENTRAL FARMERS TRUST COMPANY, a corporation, et al., *Appellees.*

SPITZER-RORICK TRUST AND SAVINGS BANK, a corporation, *Appellant in Special Appeal*, vs. CENTRAL FARMERS TRUST COMPANY, a Florida corporation, as Substitute Trustee, et al., *Appellees.*

143 So. 865.

Division B.

Opinion filed September 21, 1932.

Winters, Foskett & Wilcox and Fraser, Hiett, Wall & Effler (of Toledo, Ohio), for Appellants;

Chillingworth & Simon and Loftin, Stokes & Calkins, for Appellees.

TERRELL, J. — In April, 1928, Spitzer-Rorick Trust & Savings Bank commenced suit against W. O. Thompson and others to foreclose a mortgage given to secure certain notes executed by Thompson to East Coast Finance Corporation, the notes and mortgage having been endorsed and assigned to Spitzer-Rorick Trust & Savings Bank after maturity.

In January, 1929, Central Farmer's Trust Company as substitute trustee for W. O. Thompson and other makers of the said notes and mortgage filed suit for exoneration against Spitzer-Rorick Trust & Savings Bank, and H. C. Rorick, Harry S. Kelsey, and Paul P. Prudden individually and as co-partners doing business as Home Acres Land Corporation. The bill in this suit among other things alleged that Home Acres Land Corporation, the owner of the land described in the mortgage foreclosure suit was a Florida corporation, that its officers were H. C. Rorick, Harry S. Kelsey, and Paul P. Prudden, that the charter of said corporation was obtained by Rorick, Kelsey, and Prudden from the State of Florida April 29, 1925, but that in attempting to comply with the law in force at that time Paul P. Prudden as treasurer of Home Acres Land Corporation filed in the office of the Clerk of the Circuit Court of Palm Beach County an affidavit reciting that one thousand dollars had been paid into the treasury of said corporation. There was no recital that any part of the capital stock of said corporation had been subscribed and paid in or that any other money had been paid in. It is contended that such an affidavit was insufficient.

It would be useless tautology to delineate the pleadings in these causes. Both come on to be heard by the Chancellor on the motion of Spitzer-Rorick Trust & Savings Bank to dismiss their bill of complaint in the mortgage foreclosure, the motion of H. C. Rorick to dismiss the bill in the exoneration suit, the motion of Spitzer-Rorick Trust & Savings Bank to quash the service on it in the exoneration suit, and the petition of Thompson and others to consolidate the causes.

The Chancellor decreed that the motion of Rorick to dismiss the bill and the motion of Spitzer-Rorick Trust & Savings Bank to quash the service on it in the exoneration suit be denied, that the motion to dismiss the bill in the exoneration suit and the motion to consolidate the two causes be granted, that both causes be thereafter heard as one, cause, and that Spitzer-Rorick Trust & Savings Bank make full and complete answer to the bill of complaint in the exoneration suit.

From this decree the instant appeals were prosecuted, that is to say, Rorick appealed from that part of the decree denying his motion to dismiss the bill in the exoneration suit. Spitzer-Rorick Trust & Savings Bank appealed from that part of the decree granting the motion to consolidate the two causes and it also took a special appeal from that part of the decree denying its motion to quash the service had on it.

We think the Chancellor erred in decreeing consolidation of the causes. In the foreclosure suit, Complainants were undertaking the foreclosure of a mortgage given by defendants to East Coast Finance Corporation and assigned by the latter to the complainants after maturity. The exoneration suit was instituted on the theory that Rorick, Kelsey, and Prudden, being officers of Home Acres Land Corporation were personally liable for the notes and mortgage sued on because Prudden as secretary and treasurer

of said corporation failed to comply with the law of this State, Section 4054 Revised General Statutes of 1920 (Section 5983 Compiled General Laws of 1927), relative to filing in the office of the Clerk of the Circuit Court and the office of the Secretary of State its affidavit as a prerequisite to transact business, Home Acres Land Corporation having assumed said mortgage in the conveyance to it of the lands described therein, by East Coast Finance Corporation.

This cause is not controlled by the 1931 Chancery Act, (Chapter 14658 Acts of 1931, Laws of Florida) but it is ruled by Section 2584 and 2585 Revised General Statutes of 1920 (Sections 4224 and 4225 Compiled General Laws of 1927) which defined the policy of the law of this State with reference to the matter of joining and consolidating causes of action prior to the 1931 Chancery Act.

In Baker et al. vs. Rowe, 102 Fla. 622, 136 So. 681, addressing itself to the rule governing here, this court said:

"The conditions authorizing consolidation in equity are different from those authorizing such procedure at law, the chief inquiry being with regard to the subject matter involved in the different suits, it being necessary that there should be the same identity of parties as is essential to authorize a consolidation at law. As a general rule, consolidation in equity may be effected when the subject matter involved and the relief demanded in the different suits make it expedient for the court, by hearing them together, properly to determine all of the issues involved and adequately adjudicate the rights of the different parties. Suits in equity should not generally be consolidated when they differ both as to parties and subject matter, or when the various questions presented are so confused as to make it proper that the suits should be heard separately, or when conflicting objects are sought to be accomplished. Circumstances may arise when it would be feasible to consolidate causes having different parties and involving different rights."

Under the 1931 Chancery Act, it appears that two causes

in Chancery may be consolidated and litigated to judgment as one cause but under the old rule as defined in Baker et al. vs. Rowe, supra, no such result could be accomplished, though they might when "practicable and in accordance with the principles of law," have been consolidated and litigated together.

In this triple appeal, we are confronted with a decree in which two causes were ordered consolidated and litigated as one. This was an erroneous order because two causes could not be consolidated as one under the rule as then existing and for the further reason the consolidation order resulted in confusing the issues in the causes, they having been instituted for such diverse purposes. The interests of the parties to the causes were antagonistic and the question of parties, service, personal liability, exoneration, and other questions that must arise under the facts presented would necessarily become so confused as to render it inexpedient and contrary to the principles of law to attempt to litigate them as one cause.

While we do not decide that question, it is not settled that consolidation in this cause would have been warranted under the 1931 Chancery Act. Exoneration literally implies the removal of a burden or duty. Its legal implication arose in the distribution of intestate estates, that is to say, when the intestate had secured his debts with his real estate it was provided that they should, if possible be paid out of the personal property in exoneration of the real estate. In equity exoneration arises between those who are successively liable on the same debt. A surety who discharges an obligation may look to the principal for reimbursement as may a subsequent surety who by the terms of the contract is responsible only in case of the default of the principal. A prior surety may claim exoneration at the hands of either. 3 Pom. Eq. Jur. par. 1416, 21 R. C. L. 1110. Exoneration in this case is based on successive lia-

bility. There was certainly insufficient ground to consolidate a suit of this character with an ordinary mortgage foreclosure.

But it is contended that the officers and directors of Home Acres Land Corporation are liable as partners for the debts of that corporation under Section 4054 Revised General Statutes of 1920 (Section 5983 Compiled General Laws of 1927) because the affidavit of the treasurer of that corporation as required to be filed in the office of the Secretary of State and in the office of the Cerk of the Circuit Court of Palm Beach County was not in form and substance as required by said statute.

Section 4054 Revised General Statutes of 1920 in effect requires that as a prerequisite to do business in this State, a corporation shall have its letters patent and copy of its charter recorded in the office of the Clerk of the Circuit Court of the county where its principal place of business is located and shall also file with said clerk and the Secretary of State duplicate affidavits by its treasurer that ten per cent. of its capital stock has been subscribed and paid which affidavit shall be recorded by the Clerk of the Circuit Court in the incorporation book; provided, that if the corporation be one with capital stock of ''no par value only then and in that event the affidavits by its treasurer must be filed with the Secretary of State and with said clerk, that not less than one thousand dollars ($1,000.00) of capital stock has been paid in in money.'' If any corporation fails in these requirements, its officers and directors shall be personally liable for all the debts of the corporation as if they were members of a partnership.

The affidavit of the treasurer of Home Acres Land Corporation is as follows:

"PAUL P. PRUDDEN being first duly sworn upon his oath deposes and says that he is treasurer of Home Acres Land Corporation, a corporation organized and existing under the laws of the State of Florida, and

that One Thousand Dollars has been paid into the treasury of said corporation.''

Section 4054 Revised General Statutes of 1920 was formerly a part of chapter 4169 Acts of 1893 which carried no specification as to classes of capital stock but imposed the common law liability on Stockholders for failure to file with the clerk of the Court and the Secretary of State the required affidavit. Chapter 8460 Acts of 1921 amended Section 4054 Revised General Statutes of 1920 to impose the liability on the officers and directors of the corporation instead of the stockholders for failure to file the required affidavit with the Clerk of the Court and the Secretary of State. Chapter 9123 Acts of 1923, again amended Section 4054 Revised General Statutes of 1920 by classifying the kinds of stock a corporation might issue into common stock with shares of par value, common stock with shares of no par value, and preferred stock. This amendment also introduced the provision as here quoted requiring the affidavit that ''One Thousand Dollars of capital stock has been paid in in money'' and was the applicable law when the affidavit brought in question was filed.

As is frequently the case, literal and rhetorical technique were ignored completely by the draughtsman of Chapter 4054 Revised General Statutes as last amended. It is not certain whether the legislature intended to prescribe the same or a different rule of qualification for corporations of no par value and corporations of both par value and no par value stock. If the statute is construed to require par value stock corporations to pay in ten per cent. of their capital stock and no par value stock corporations to pay in one thousand dollars then there is no rule for the qualifications of corporations having both par value and no par value stock neither is there any requirement for qualifying corporations with preferred stock solely or pre-

ferred stock with one or both par value and no par value stock.

A substantial compliance with the statute is sufficient. McNeill vs. Wood 66 Fla. 363, 63 So. 719. Home Acres Land Corporation is one of par value and no par value stock. Under advice of counsel, it construed the statute to require it to file its affidavit showing that one thousand dollars had been paid into its treasury. It might have been construed otherwise but this was certainly a reasonable deduction in view of its ambiguity. The history of the act and the fact that it was repealed by Chapter 10096 Acts of 1925 points to this as the evident view of the legislature. While relieving the stockholders and imposing the liability on the officers and directors may not change it (liability) from contractual to penal it would at least warrant this court in upholding a reasonable interpretation of the statute in favor of the officers and directors where the record discloses every effort made by them in good faith to comply with it. Since Section 4054 Revised General Statutes has been repealed we do not attempt to analyze it as that would serve no useful purpose but we think the affidavit brought in question was a substantial compliance with it.

Even if there had been no attempt to file proper affidavits under the facts of this case they were immaterial. The statute merely gives one who transacts business with a corporation an additional right against its officers and directors when the treasurer's affidavit is not filed as directed. This is a right personal to the individual which he may waive if he desires. The contract out of which this case arose was made between Farmer's Bank and Trust Company, as trustee, and Harry S. Kelsey, as agent. The Trust Company agreed to accept as part payment the obligation of any Corporation that Kelsey might form. There was no specification whatever as to assets except the lands sold. Home Acres Land Corporation was formed and took

over the sales contract but the risks was taken when the contract of sale was made and was in no way dependent on the assets of Home Acres Land Corporation. Under such circumstances in addition to other showing in the record, complainants waived any right they might have had to take advantage of the alleged defective affidavit of the treasurer.

For the reasons announced in this opinion the decree below is reversed.

Reversed.

WHITFIELD, P.J. AND DAVIS, J., concur.

BUFORD C.J., concurs in the opinion and judgment.

BROWN, J., dissents.

ELLIS, J., not participating.