**WALTER GILL v. MARY K. RHOMBERG, et al.**

11 So. (2nd) 795                                    June Term, 1942
October 13, 1942                                         En Banc
Rehearing Denied November 20, 1942

M. A. Rosin, for petitioner.

W. W. Whitehurst, for respondents.

CHAPMAN, J.:

The record discloses that Walter Gill on July 6, 1942, filed an amended bill of complaint in the Circuit Court of Sarasota County, Florida, against Mary K. Rhomberg, et al., and by appropriate allegations it was made to appear that the plaintiff possessed an option to purchase certain described property under a lease and an agreement dated May 14, 1938, under which it was asserted that the plaintiff was in possession of the land described. The lease and correspondence by appropriate allegation are made a part of the amended bill; that Walter Gill, the plaintiff, instituted in the County Court of Sarasota County an action of forcible entry and detainer against T. N. Carlton subsequent to the time he filed a suit for specific performance, and the latter suit was set for trial on July 25, 1942.

On July 6, 1942, T. N. Carlton filed a petition for an order permitting or allowing him to intervene in the case of Walter Gill v. Mary K. Rhomberg, et al., then pending in the Circuit Court of Sarasota County; and on July 22, 1942 an order was made and entered by the Honorable W. T. Harrison, circuit judge, permitting and allowing T. N. Carlton leave and authority to intervene and required that he file such pleadings as to him were expedient on the rule day August, 1942. On July 24, 1942, T. N. Carlton filed in the Circuit Court of Sarasota Coutny a bill to quiet title and for an injunction or restraining order against the trial of the forcible entry suit

then pending in the County Court of Sarasota County. The bill to quiet title alleged that T. N. Carlton was the owner in fee ´simple of the lands described in the unlawful detainer suit and attached to the bill were a deed dated June 1, 1942, and a lease agreement dated May, 1938, from Mary K. Rhomberg to Walter Gill.

On July 24, 1942, T. N. Carlton applied to the Honorable W. T. Harrison, circuit judge, for an order restraining the trial of the unlawful detainer suit then pending in the County Court of Sarasota County. Walter Gill filed a motion to dismiss the bill of complaint of T. N. Carlton seeking an order quieting the title of the land. The motion to dismiss consisted of approximately thirty grounds. The chancellor, on July 24, 1942, entered an order restraining the trial of the forcible entry suit then pending in the Circuit Court of Sarasota County and set for trial July 25, 1942, pending further orders of the Court. The lengthy motion to dismiss was denied without prejudice to the rights of Walter Gill to make such attacks thereon as may be advised. The chancery suit of Walter Gill seeking specific performance and other relief and the chancery suit of T. N. Carlton seeking a decree quieting the title to the lands described in the bill were by an order of the Court ex mero motu consolidated on the theory that the subject matter of the two suits was intertwined in such a way that it would be difficult, burdensome and a hardship to dispose of the cases separately, but greater dispatch with accuracy would prevail by a consolidation of the two chancery suits.

On petition for interlocutory certiorari it is contended that the order consolidating the two suits is erroneous and not authorized by Section 20 of the Chancery Act, being Section 63.20 of the 1941 Florida Statutes. In the brief it is contended that notice was not given to counsel prior to the entry of the order complained of, nor was there a motion made by either party for a consolidation. The order dated July 24, 1942, makes it appear that the parties and their counsel were before the chancellor at the time of the entry of the order and further notice was wholly unnecessary. The further contention is made that a motion for a consolidation

was not presented. The record discloses the Court had before him a voluminous motion to dismiss, an application for a restraining order, and considering the allegations in each of the chancery suits, reached the conclusion that the ends of justice required a consolidation of the chancery suits. Walter Gill and T. N. Carlton were the actors in the controversy, as the Rhombergs, as shown by the record, had disposed of their interest by conveying the property to T. N. Carlton. See Terra Ceia Estates v. Taylor, 68 Fla. 261, 67 So. 169; Baker v. Rowe, 102 Fla. 622, 136 So. 681; Spitzer-Rorick Tr. & Sav. Bank v. Thompson, 107 Fla. 752, 143 So. 865; Sections 46.07 and 46.08, Florida Statutes, 1941. See also 1 C.J.S. 1344.

The lease agreement from Rhomberg to Gill was involved in the three suits. Carlton sought a decree quieting title against all claims of Gill created by the lease agreement, and otherwise; the parties were the same and the chancellor, in the exercise of his discretion, concluded that the interest of the parties in the property was so intertwined that the chancery suits should be consolidated. We fail to find error in this ruling.

On August 7, 1942, Walter Gill, through counsel, filed a motion to strike the answer of T. N. Carlton which was to be considered as his answer to the suit brought by Walter Gill for specific performance. The basis of the motion was: (a) that the procedure in consolidation was not followed; (b) the consolidation was unauthorized; (c) the answer in the form of the bill of complaint of T. N. Carlton was mechanically improper; (d) Carlton did not come into equity with clean hands or offer to do equity by restoring the status quo. The order of the chancellor consolidating the suits authorized counsel for Walter Gill to file such further pleadings as may be advised, and this included the prerogative of a motion to strike portions of the bill seeking an order quieting the title to stand as an answer to the bill of complaint seeking specific performance. Counsel for petitioner can file such other motions directed to the bill of complaint as an answer as he may later be advised.

On August 7, 1942, counsel for Walter Gill filed a motion to dissolve the temporary restraining order. The motion

consists of four grounds and raises questions of law. It was the view of the chancellor that the County Court had jurisdiction to try the forcible entry and detainer suit, but held that the ends of justice required that the equities of the respective parties should be first determined by the chancellor, without prejudice to try the cause before a jury at a subsequent date if the equities of the cause so required.

We have not overlooked the maxim of equity cited by counsel for petitioner to the effect that he who seeks equity must do equity and he who comes into equity must come with clean hands. It is reasonable to assume that evidence should be taken to determine the equities of the cause rather than to settle the pleadings in controversy by the cited maxim of equity. Petition for an interlocutory writ of certiorari is denied.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD and ADAMS, JJ., concur.

THOMAS, J., dissents.