WALDEN, Judge.
This appeal involves procedural law in the area of class action, consolidation and joinder. The problem probably stems from new times that have witnessed the advent of massive condominium construction with their individual unit owners and attendant condominium associations.
This was a class action suit. Plaintiffs are 251 separate condominium associations representing 8,444 apartment units housing about 15,000 residents, plus an umbrella association here called COOCVE. COOCVE is the representative umbrella organization for the 251 condominium associations. Defendants are the developers of Century Village East, Inc., and Cenvill Communities, Inc. Involved are 253 separate condominium buildings. Plaintiffs claim defendants are responsible for various construction defects. Plaintiffs’ complaint contains four counts; breach of warranty, negligence, strict liability, plus statutory violations concerning the plans and specifications. It was a 19 page complaint. The recital of parties consumed 10 % pages and the remainder reflected the generalized gross grievances. They were not distinguished as concern the individual buildings.
Plaintiffs’ counsel conceded in the trial court:
1. Some buildings are four story in height while others are two story.
2. Construction defects for each building would have to be proven individually with testimony for each building.
3. Each building would require a separate jury verdict.
4. Probably several juries would be required.
On the other hand it is argued that in some instances some of the alleged defects or claims are common to all buildings, and that certain points of law were common to all claims. However, there can be no doubt that material differences exist to some degree with reference to at least some of the claims, even though they are not exactly determinable at this stage.
*386 It is undisputed that each of the individual condominium associations is a representative of the units and owners of a particular building, and, as such, is entitled to bring a class action pursuant to Florida Rule of Civil Procedure 1.221.
The trial court, following lengthy and far ranging oral findings and reasoning, entered the appealed ruling. In sum, it dismissed the suit as a class action with prejudice, saying “it is the opinion of this court that each individual building must file a separate suit with regard to said building.” It was found that plaintiffs’ suit was not a class action under Florida Rules of Civil Procedure 1.221 or 1.220.
In our approach to this case we were faced with a manifest awkwardness. The plaintiffs/appellants insist that they are not and did not maintain that their suit was a class action of 251 class actions. In other words, plaintiffs contend that they were not asserting that COOCVE, as an umbrella for the 251 class actions, was bringing this suit as a class action of class actions. Rather, plaintiffs say that the 251 class actions should have been joined. On the other hand, the defendant developers largely briefed and argued the point of class action of class actions. As a consequence, the respective sides have basically argued apples vs. oranges for our edification.
We have carefully reviewed the complaint, the record furnished, and considered the remarks and arguments of counsel here at oral argument. There is no doubt in our mind that plaintiffs initially intended this to be a class action of class actions with COOCVE bringing the class action representing 251 individual class actions; and that such was the issue presented to the trial court. Why, for example, was COOCVE a party plaintiff when it suffered or claimed no damages? The trial court correctly ruled that such approach was not allowable. And at oral argument, for the first time that we can determine, plaintiffs conceded that COOCVE was an improper party plaintiff. We affirm, without difficulty, the trial court ruling to the degree that it eliminated COOCVE and dismissed the concept of class action of class actions, all with prejudice.
We are singularly impressed with the foresight and concerns of the trial judge when, upon contemplating the filing of 251 separate complicated class action suits, he consulted the Chief Judge of the Circuit and made plans for assignment of the cases to the several divisions and for possible later consolidations as concerns trial, discovery and liability, among other things. We record our views that in arranging logistics trial courts should be accorded maximum discretion, particularly in these litigious days when dockets in this area are uniformly overcrowded. The trial judges are truly on the firing line and so are in a much better position to determine how to handle their dockets.
Back to the problem. There is no doubt but that, as contemplated by the trial court, the individual suits could be filed and thereafter consolidated, at least in part. Fla.R. Civ.P. 1.270(a); 1 Fla.Jur.2d, ACTIONS § 51; Baker v. Rowe, 102 Fla. 622, 136 So. 681 (Fla.1931); Eight v. American Eagle Fire Ins. Co. of NY, 125 Fla. 608, 170 So. 664 (Fla.1936); and Wagner v. Nova University, Inc., 397 So.2d 375, (Fla. 4th DCA 1981). However, such procedure, if not necessary, would create a burden on counsel and the trial court. There would have to be 251 complaints, summons and filing fees, plus that number of individual motions, answers and hearings, etc., at least at the outset.
Our survey of the record again persuades us that the complaint and the trial court presentation were not designed or susceptible for consideration along the lines of joinder. Fla.R.Civ.P. 1.210(a) and 59 Am.Jur.2d, PARTIES §§ 103-106. And it does not appear that such possibility was really suggested or considered in the trial court. We make no preliminary ruling or expression that plaintiffs could amend and favorably impress the trial court according to the law that the plaintiffs’ plaints, or at least some of them, could be joined in one complaint, at least initially, subject to possi *387 ble severance of one kind or another at later stages when the facts and issues become more apparent. However, we feel that plaintiffs should be afforded a full and clear opportunity in that direction. In offering our expression we are mindful of the provisions of Florida Rule of Civil Procedure 1.250(a):
(a) Misjoinder. Misjoinder of parties is not a ground for dismissal of an action. Any claim against a party may be severed and proceeded with separately.
All circumstances and arguments considered, we hold:
A. The dismissal of COOCYE with prejudice is affirmed.
B. The dismissal of the concept of class action of class actions with prejudice is affirmed.
C. The dismissal of the action with prejudice is reversed and the cause is remanded with instructions to allow plaintiffs to amend their complaint, if they are so advised.
Affirmed in part; reversed in part; and remanded for further proceedings consistent herewith.
DOWNEY and HURLEY, JJ., concur.