560 So.2d 380 (1990)
Larry F. KIRIAN, et al., Appellants,
v.
HAVEN FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.
No. 89-1538.
District Court of Appeal of Florida, First District.
April 27, 1990.
*381 Alan K. Smith, of Strohauer & Smith, Clearwater and Lawrence J. Hamilton, II, of Holland & Knight, Jacksonville, for appellants.
James J. Taylor, of Gable, Taylor & Deese, Jacksonville, for appellee.
BARFIELD, Judge.
Appellants challenge a trial court order granting a motion to sever legal counterclaims from a foreclosure action under the authority of section 702.01, Florida Statutes (1987), which they claim violates the doctrine of separation of powers. They also challenge a later order striking their affirmative defenses and granting summary judgment for appellee on the foreclosure action. We reverse both orders.
Appellee Haven Federal Savings and Loan Association (Haven) filed foreclosure actions against appellants involving two condominium units in a failed development. Appellants filed responsive pleadings in each case: affirmative defenses seeking recoupment or rescission based on fraud and misrepresentation; a counterclaim seeking damages against Haven for fraud and misrepresentation; and a demand for jury trial on these issues. The facts relied upon to support the affirmative defenses and counterclaim filed in each action were identical. Appellants asserted that Haven had entered into a conspiratorial arrangement with the owners and developers to defraud potential purchasers and that Haven, having actual knowledge of the project's imminent financial ruin, agreed not to furnish appellants with the documents required by section 718.503(2) and (3), Florida Statutes, and agreed to assist in painting a rosy investment picture, concealing its own financial interest in the project, and providing financing for prospective purchasers.
Haven moved to sever the counterclaims for separate trial, citing amended section 702.01:
All mortgages shall be foreclosed in equity. In a mortgage foreclosure action, the court shall sever for separate trial all counterclaims against the foreclosing mortgagee. The foreclosure claim shall, if tried, be tried to the Court without a jury.
Haven did not cite as a basis for the motion Florida Rule of Civil Procedure 1.270(b), and subsequently argued that the rule was inapplicable, given the existence of the statutory provision. The rule provides:
The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim or third party claim or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims or issues.
Appellants argued that construing section 702.01 as absolutely requiring the trial court to sever the legal counterclaims in all foreclosure actions, as Haven had urged, would render the statute unconstitutional by denying the right to jury trial of the legal issues. They argued that the statute should be construed to mandate severance only where it does not result in deprivation of the right to jury trial (i.e., where the *382 legal counterclaims are not sufficiently similar, or where the jury trial of the legal issues is conducted before the bench trial on the foreclosure).
Haven argued that the language in the amended statute is mandatory and conforms with pre-existing common law principles, that its purpose is to preclude undue delay in foreclosure proceedings caused by counterclaims, and that severance can occur without infringing the right to jury trial on the legal issues if the court orders that the decision in the foreclosure action "cannot preclude determination by jury of all issues of law and fact at subsequent trial of the counterclaim."
Judge Wilkes granted the motion to sever, stating that "severance of a mortgagee's foreclosure action and all counterclaims thereto is mandatory under the provisions of Florida Statutes Section 702.01" and that the ruling in the foreclosure action "shall not be used in any way to preclude a full hearing of the merits of Defendants' counterclaim."
Appellants moved for rehearing, arguing that section 702.01 as construed by the trial court violates Article V, section 2(a) of the Florida Constitution, which confers exclusive authority on the supreme court to "adopt rules for the practice and procedure in all courts" and that the statute unconstitutionally conflicts with Florida Rule of Civil Procedure 1.270(b), which governs the severance of compulsory counterclaims. Haven responded that this issue should have been raised earlier, that joinder and severance of claims is not a purely procedural matter, and that statutes affecting joinder and severance of claims must be held constitutional if they contain a substantive element. Haven argued that the legislative history of section 702.01 indicates the legislative intent to provide "greater legal protection for commercial loans granted within this state upon passage of this bill" and that this creates a substantive right to foreclose on a defaulted mortgage undelayed by legal counterclaims.
The motion for rehearing was denied, and appellants' petition for certiorari was denied by this court on the grounds that an adequate remedy by appeal existed.
Haven filed a motion for summary judgment, and acknowledged at the hearing that it had not rebutted the affirmative defenses raised in the responsive pleadings and that its prior motion to sever had made no reference to the affirmative defenses. Without prior notice, it argued that the order severing the counterclaims would be thwarted if appellants were permitted to litigate their affirmative defenses, and orally requested that the court strike the affirmative defenses. The court reserved ruling pending submission of memoranda.
Appellants' memorandum argued that the prior order had severed only the counterclaim, not the affirmative defenses; that Haven admitted it had not rebutted these defenses; and that section 702.01 does not provide for severance of affirmative defenses. Haven argued that neither party seeks ownership of the property, the value of which is diminishing; that "by maintaining severance and granting the motion for summary judgement of foreclosure, this Court can arrest the impact of further deterioration and maximize the amount of money recovered at sale for the benefit of all parties;" and that "a procedural point [reiteration of the counterclaim allegations in the affirmative defenses] should not be allowed to frustrate statutory requirements and this Court's Order of Severance."
Judge Lewis struck the affirmative defenses and granted summary judgment in the consolidated cases, stating that nothing in his orders "shall be used in any way to preclude a full hearing on the merits of Defendants' Counterclaim," and stayed the scheduled foreclosure sale pending the outcome of this appeal.
We find that section 702.01 is procedural in nature and that its language is unequivocally mandatory. We agree with appellants that it is exclusively the prerogative of the supreme court to set procedural rules for the courts, that Florida Rule of Civil Procedure 1.270(b) gives the trial judge discretion to decide whether to order a separate trial in a situation like the one presented in this case, and that to the extent *383 the statute conflicts with this rule, section 702.01 violates Article V, section 2(a) of the Florida Constitution.
The trial court therefore reversibly erred when it found that it was required by the statute to sever the counterclaims. We also find no valid basis for striking the affirmative defenses and granting summary judgment for Haven without allowing appellants the opportunity to present their defenses to the foreclosure action.
REVERSED and REMANDED for further proceedings.
SHIVERS, C.J., and WIGGINTON, J., concur.