PER CURIAM.
The petitioners, Mr. and Mrs. Meyers, seek a writ of certiorari to quash that portion of the trial court’s order denying consolidation of a mortgage foreclosure with two other actions. We grant certiora-ri because the petitioners do not have an adequate remedy on plenary appeal if the denial of consolidation ultimately results in inconsistent outcomes.
The petitioners purchased from respondent, W.C. Industries, Inc., a business known as West Coast Marine and Boat Trailer. As part of the purchase price, the petitioners executed a note and mortgage on their home in favor of W.C. Industries, Inc. The petitioners also signed a sublease with W.C. Industries, Inc., for the business premises. After the petitioners defaulted under the terms of the documents, W.C. Industries, Inc., assigned the note and mortgage to Shore Industries, Inc. David Connolly owned and controlled both W.C. Industries, Inc., and Shore Industries, Inc. Mr. Connolly, along with two business brokers, made representations to the petitioners concerning the gross sales of the business before the purchase.
The three actions before us ensued as a consequence of the purchase. W.C. Industries, Inc. sued the petitioners for past due rent for the business premises. Thereafter, the petitioners filed a separate suit against Mr. Connolly, W.C. Industries, Inc., and the two brokers and their firm. In the second suit, the petitioners sought rescission of the purchase based on fraudulent inducement and damages from Mr. Connolly and W.C. Industries, Inc., for fraud and negligent misrepresentation involving the level of gross sales of the business. The petitioners also sought damages from the brokers and their firm for fraud and negligent misrepresentation involving the gross sales. Finally, in a third action, Shore Industries, Inc., sued to foreclose on the petitioners’ home.
In a motion to consolidate all three actions, the petitioners asserted that identical witnesses and documents existed to prove Mr. Connolly’s fraudulent inducement. They alleged that Mr. Connolly’s fraud constituted the thrust of their rescission and fraud action, and the thrust of their affirmative defenses to the rent action and the foreclosure. While granting consolidation of the rent action with the rescission and fraud claims, the trial court declined to consolidate the foreclosure, apparently on the belief that Spitzer-Rorick Trust & Savings Bank v. Thompson, 107 Fla. 752, 143 So. 865 (1932), prohibited consolidation.
The petitioners argue that the trial court erred in relying on Spitzer-Rorick, because Spitzer-Rorick does not prohibit consolidation of a mortgage foreclosure with an action alleging its fraudulent inducement.[1] At the time Spitzer-Rorick was decided, the rules governing consolidation of equitable actions were different. *785 The rules of civil procedure and the merging of courts of equity with courts of law now permit consolidation of actions at law with actions in equity under certain circumstances. Neither the facts nor the rules of equity before the court in Spitzer-Rorick now prohibit consolidation of a mortgage foreclosure with an action seeking damages for fraudulent inducement.
The petitioners also argue that the refusal to consolidate the mortgage foreclosure with the other two actions is tantamount to a denial of their right to jury trial. The petitioners rely on Dykes v. Trustbank Savings, F.S.B., 567 So.2d 958 (Fla. 2d DCA 1990), which was decided after the trial court denied consolidation. The trial court did not sever counterclaims and affirmative defenses from the foreclosure, nor did it order the foreclosure to proceed prior to a jury’s determination of fraud as did the court in Dykes. Under the circumstances of this particular case, the petitioners have not been denied their right to jury trial on a counterclaim or affirmative defenses alleging fraud either in the foreclosure or in their separate fraud action.
The possibility of inconsistent verdicts or outcomes for the petitioners does exist, however. As we observed in Dykes, the ownership of the property may be determined improperly if the foreclosure proceeds before the defenses and claims challenging the ownership. The petitioners’ claims of rescission and fraud may be determined in their favor while a foreclosure judgment may be entered against them. Opposite outcomes may also occur. In any event, it is possible that the petitioners run the risk of receiving inconsistent results with respect to ownership of the property. Should differing outcomes occur, the petitioners will not have an adequate remedy by way of plenary appeal. Moreover, based on the record before us, no prejudice will befall the parties by ordering consolidation, because each of the three actions appears to be in its early stages and none are set for trial.
The petition for writ of certiorari is granted; the portion of the order denying consolidation of the mortgage foreclosure is quashed.
RYDER, A.C.J., and PARKER and ALTENBERND, JJ., concur.

. The petitioners cite Kirian v. Haven Federal Savings and Loan Association, 560 So.2d 380 (Fla. 1st DCA 1990), in support of its argument that the trial court erred. Although Kirian supports a finding that the court erred by mistaken-Iy relying on Spitzer-Rorick as a prohibition to consolidation, the court in Kirian had denied certiorari review of an order of severance because the appellant had an adequate remedy by appeal.